[No. A123967. First Dist., Div. Five. Apr. 13, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
TYRONE LAMONT REED, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I., II.A., II.C. and II.D.

**COUNSEL**

Rodger P. Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BRUINIERS, J.**—Appellant Tyrone Lamont Reed was convicted by a jury of four counts of aggravated sexual assault of a child (Pen. Code, § 269),[1] one count of forcible oral copulation (§ 288a, subd. (c)(2)), one count of forcible rape (§ 261, subd. (a)(2)), and one misdemeanor count of child abuse (§ 273a, subd. (b)). Reed was sentenced under the three strikes law to a term of

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

230 years to life in state prison. On appeal, Reed contends that (1) substantial evidence does not support his convictions for aggravated sexual assault of a child; (2) the trial court erred by failing to inquire into the basis for a new trial motion asserting incompetence of counsel; (3) the trial court improperly sentenced him to consecutive terms for the aggravated sexual assault convictions; and (4) his aggregate sentence of 230 years to life constitutes cruel and/or unusual punishment. We agree in the published portion of the opinion only with Reed's second claim. We will therefore remand the matter to the trial court with directions to conduct a hearing on Reed's claim of ineffective assistance of counsel and for such further proceedings as may then be required.

## I. FACTUAL AND PROCEDURAL BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. DISCUSSION

Reed contends that (1) substantial evidence does not support his convictions for aggravated sexual assault of a child; (2) the trial court erred by failing to inquire into the basis for a new trial motion asserting incompetence of counsel; (3) the trial court improperly sentenced him to consecutive terms for the aggravated sexual assault convictions; and (4) his aggregate sentence of 230 years to life constitutes cruel and/or unusual punishment. We address each of these arguments in order.

### A. *Sufficiency of the Evidence*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Trial Court's Failure to Inquire into Reasons for Reed's Desire to Move for New Trial Based on Ineffective Assistance of Counsel*

Next, Reed argues that the trial court erred by failing to make further inquiry when he sought to make a motion for new trial on the grounds of incompetence of counsel. Reed maintains that we must remand the case to the trial court for a full *Marsden*[13] inquiry into the basis for Reed's allegations of trial counsel's incompetence. On this point, we agree.

#### 1. *Background*

The record reflects that, on both October 7, 2008, and October 27, 2008, Reed made two separate unsuccessful *Marsden* motions, asking the court to

---

[*]See footnote, *ante*, page 1137.

[13] *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden*).

discharge the deputy public defender. After a verdict had been rendered, Reed's counsel filed a written motion for new trial, arguing that there was insufficient evidence for the jury to find beyond a reasonable doubt that any offenses occurred before Dianne's 14th birthday. On January 16, 2009, after the trial court considered and denied Reed's motion for new trial, the following exchange occurred on the record:

"Now, then, turning our attention to the sentencing of Mr. Reed . . . . [¶] . . . Is there a letter that may have been prepared or filed and I did not see or any evidence of that or documents that you would like the court to review before pronouncing sentence?

"[DEFENSE COUNSEL]: No, Your Honor.

"THE COURT: Is there any —

"THE DEFENDANT: Can I say something?

"THE COURT: You need to speak with [defense counsel], please, Mr. Reed.

"(Short discussion off the record)

"[PROSECUTOR]: I do have one correction on my letter.

"THE COURT: Just one moment. [¶] Is there any legal cause why sentence should not now be imposed?

"[DEFENSE COUNSEL]: Your Honor, Mr. Reed is indicating to me that he wants to file a motion for incompetence of counsel. I have explained to him I don't know what vehicle to do. I have explained to him I will file the Notice of Appeal. In fact, I have one prepared for Mr. Reed to be filed today.

"THE COURT: Do we need to pass the matter so you and Mr. Reed can have a further conference not on the record regarding some delicate issues? Because I don't want to proceed to sentencing unless we are resolved on those issues. [¶] So, we are going to pass the matter.

"[DEFENSE COUNSEL]: Your Honor —

"THE COURT: Mr. Reed will be taken up to the 10th floor so he and counsel can have a private conference."

Sentencing was continued to January 30, 2009. On January 30, 2009, the record reflects the following colloquy:

"[DEFENSE COUNSEL]: Your Honor, Mr. Reed is asking me to ask the court to grant him a new trial based on my incompetence. [¶] And I explained to Mr. Reed when we stopped sentencing the last time, I went upstairs to speak to Mr. Reed. I tried to explain to him, and I am kind of glad this is getting on the record, that in my opinion he is much better or [*sic*] off having his appellate attorney argue any issues of incompetence. [¶] He just asked me what about the new trial motion based on my incompetence, and I thought —

"THE COURT: Counsel, I didn't want to invade your conversation. I was just taking a moment to allow you to confer with your client and then be free to be able to give your full attention to the comments of [the prosecutor].

"[DEFENSE COUNSEL]: I think the court needs to be aware of what I just said, and I think it appears to me Mr. Reed would like to make that motion. I cannot make it for him, Your Honor. So, I am at a loss what to do.

"THE COURT: Let's take one thing at a time. [¶] At this time [the prosecutor] was in the midst of his recitation with regards to sentencing. I will address counsel again, and you will have an opportunity to share any additional comments with the court."

Later in the sentencing proceedings, the court asked if there was "[a]ny legal cause why sentence should not now be imposed?" The following exchange occurred on the record:

"[DEFENSE COUNSEL]: Excuse me. Mr. Reed is again indicating to me he wants to bring that motion regarding my incompetence.

"THE COURT: All right. Mr. Reed, respectfully, I understand your frustration at this time and perhaps the fact that you probably are quite overwhelmed by the set of circumstances you are now facing.

"There are procedures of which I have to adhere to, and when you are making a motion to set aside this case based on your counsel's incompetency, she's correct, that is not something that I can take into consideration at this time. It is something [that] an appellate lawyer will review with you and will go over with you in detail what your concerns are.

"But at this time you are before this court for a report and sentencing, and so the purview and things that I have to take into consideration are those things that are before me, the issues that were presented to me in open court.

And any dialogue you may have had with your attorney, any preparation that may have taken place for your case is something that is not in the realm of things that I am privy to. So, someone else will have to examine what she did in preparation of your case, the presentation of it, as well as my ruling.

"So, I am not in the position to evaluate whether she was effective counsel or not, and turn around and review whether I am making an effective decision or not. Someone else will be in a position to do that.

"So, having said that, counsel, is there any legal cause why sentence should not now be imposed?

"[DEFENSE COUNSEL]: No, Your Honor."

Thereafter, the trial court proceeded to pronounce Reed's sentence.

### 2. *Analysis*

Reed does not challenge the trial court's denial of the October 7 or October 27, 2008, *Marsden* motions. Rather, citing *People v. Stewart* (1985) 171 Cal.App.3d 388, 394–397 [217 Cal.Rptr. 306] (*Stewart*), disapproved on other grounds in *People v. Smith* (1993) 6 Cal.4th 684, 691–696 [25 Cal.Rptr.2d 122, 863 P.2d 192] (*Smith*), and *People v. Winbush* (1988) 205 Cal.App.3d 987 [252 Cal.Rptr. 722] (*Winbush*), Reed argues that the trial court erred by failing to inquire into the reasons for his desire to move for a new trial on the basis of incompetence of counsel.

■ Although ineffective assistance of counsel is not one of the statutory grounds for granting a new trial, the issue may nonetheless be asserted as the basis for a motion for new trial. (§ 1181; *People v. Fosselman* (1983) 33 Cal.3d 572, 582–583 [189 Cal.Rptr. 855, 659 P.2d 1144].) In *Stewart*, reversible error was demonstrated when the trial court failed to conduct further inquiry into the defendant's allegations, made in connection with a new trial motion, that he had been inadequately represented. (*Stewart, supra,* 171 Cal.App.3d at pp. 393–394, 398.) At the hearing on the motion, the trial court asked the defendant and his counsel to divulge the basis for the claim of incompetence. (*Id.* at p. 393.) At an in camera hearing, the defendant stated that he was inadequately represented when counsel failed to call his personal doctor and " 'two witnesses up on the fourth floor.' " (*Id.* at p. 394.) With respect to the latter two witnesses, the trial court failed to question the defendant about their expected testimony. (*Id.* at p. 398.) The reviewing court reasoned: "The trial court did not inquire into the substance of the witnesses'

expected testimony, but instead denied the motion without endeavoring to learn whether the testimony might have been material or even crucial and without appointing new counsel to assist the court in this regard. We believe this constituted error. 'A trial judge is unable to intelligently deal with a defendant's request for [*a new trial on the basis of trial counsel's incompetence* or for] substitution of attorneys unless he is cognizant of the grounds which prompted the request.' [Citation.] A denial of appellant's motion for new trial based on ineffective representation without careful inquiry into the defendant's reasons for claiming incompetence ' "is lacking in all the attributes of a judicial determination." [Citations.]' [Citation.]" (*Ibid.*, italics added.)

The People argue that the trial court had no duty to undertake a *Marsden* inquiry because Reed never explicitly asked the court to appoint substitute counsel in order to pursue the new trial motion. The People are correct that in *Stewart* and *Winbush* the defendants specifically requested appointment of new counsel in connection with their motions for new trial. (*Stewart, supra,* 171 Cal.App.3d at p. 393; *Winbush, supra,* 205 Cal.App.3d at p. 989.) But Reed's argument on appeal is not that the trial court erred in failing to appoint substitute counsel. Rather, Reed argues that the trial court erred by failing to conduct any inquiry at all into the basis for his motion after he expressed his desire to move for a new trial on the basis of ineffective assistance of counsel.

On this point, the *Stewart* court stated: "[I]n hearing a motion for new trial based on incompetence of trial counsel, the trial court must initially elicit and fully consider the defendant's reasons for believing he was ineffectively assisted at trial. In so doing, the court must make such inquiries of the defendant and trial counsel as in the circumstances appear pertinent. If the claim is based upon acts or omissions that occurred at trial or the effect of which may be evaluated by what occurred at trial the court may rule on the motion for new trial without substituting new counsel. If, on the other hand, the claim of incompetence relates to acts or omissions that did not occur at trial and cannot fairly be evaluated by what occurred at trial, then, unless for other good and sufficient reason the court thereupon grants a new trial, the court must determine whether to substitute new counsel to develop the claim of incompetence. New counsel must be appointed when the defendant presents a colorable claim that he was ineffectively represented at trial; that is, if he credibly establishes to the satisfaction of the court the possibility that trial counsel failed to perform with reasonable diligence and that, as a result, a determination more favorable to the defendant might have resulted in the

absence of counsel's failings."[14] (*Stewart, supra*, 171 Cal.App.3d at pp. 396–397.) The trial court here made no inquiry at all. That lack of inquiry constitutes reversible error.

The People's reliance on *People v. Gay* (1990) 221 Cal.App.3d 1065 [270 Cal.Rptr. 747] (*Gay*), is misplaced. In *Gay*, the defendant, acting in propria persona, filed a handwritten motion for new trial detailing the ways that appointed counsel had allegedly failed to provide an adequate defense. However, the defendant did not ask the court to appoint new counsel to argue the motion for new trial. (*Id.* at pp. 1066–1068.) On appeal, the defendant argued only that the trial court erred when it "failed to determine whether it should appoint substitute counsel to present his motion for new trial." (*Id.* at p. 1068.) The reviewing court held that "absent a request the court appoint substitute counsel to prepare and present a motion for new trial based on inadequate representation, the *Stewart* procedures concerning appointment of such counsel are not required." (*Id.* at p. 1071.) The court reasoned: "A trial judge should not be obligated to take steps toward appointing new counsel where defendant does not even seek such relief." (*Id.* at p. 1070.) The court also noted: "Since defendant did not request substitute counsel, the court was only required to consider and rule on defendant's motion for new trial. Since the court did so, we find no error. Defendant does not assert the court's denial of the motion itself was erroneous." (*Id.* at p. 1071, fn. omitted.)

In *Gay* the basis for the claim of ineffective assistance was detailed before the trial court. (*Gay, supra*, 221 Cal.App.3d at pp. 1067–1068, 1071 & fn. 1.) Unlike Gay, Reed here does not simply argue that the trial court erred in failing to appoint substitute counsel, but complains that the trial court did not make the inquiry necessary to assess Reed's motion for new trial. In any event, we believe that Reed's expressed desire to pursue a motion for new trial based on counsel's incompetence, the fact that defense counsel said, "I cannot make it for him," and the context of Reed's prior unsuccessful

---

[14] In *Smith*, the Supreme Court clarified that the "colorable claim" and "possibility" language in *Stewart* does not create a lesser postconviction standard for substitution of counsel. The Supreme Court held "that the standard expressed in *Marsden* and its progeny applies equally preconviction and postconviction." (*Smith, supra*, 6 Cal.4th at pp. 693–694.) "[S]ubstitute counsel should be appointed when, and only when, necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citation]. This is true *whenever* the motion for substitute counsel is made." (*Id.* at p. 696.)

*Marsden* motions, made it sufficiently clear that Reed was in fact requesting substitute counsel to pursue the motion for new trial.

*People v. Mejía* (2008) 159 Cal.App.4th 1081 [72 Cal.Rptr.3d 76] (*Mejía*) presented circumstances similar to those presented here. At sentencing, defense counsel informed the court that the defendant " 'would like to make a motion for a new trial based in large part on my conduct at the trial.' " Defense counsel also stated: " 'And I can't do that for him.' " (*Id.* at p. 1084.) On appeal, the Fifth District Court of Appeal concluded that defense counsel's statements were adequate to put the court on notice that the defendant was requesting a *Marsden* hearing, triggering "an 'imperative' duty to elicit from 'defendant, in open court or, when appropriate, at an in camera hearing, the reasons he believe[d] he was inadequately represented at trial.' [Citation.]" (*Id.* at p. 1086, italics omitted.)

The trial court was found to have erred in denying the motion for new trial without asking the defendant himself, rather than counsel, about the basis for his incompetence claim. The reviewing court determined that this error mandated reversal and remand, reasoning as follows: " 'On this record we cannot ascertain that defendant had a meritorious claim, but that is not the test. Because the defendant might have catalogued acts and events beyond the observations of the trial judge to establish the incompetence of his counsel, the trial judge's denial of the motion without giving defendant an opportunity to do so denied him a fair trial. We cannot conclude beyond a reasonable doubt that this denial of the effective assistance of counsel did not contribute to the defendant's conviction.' [Citation.]" (*Mejía, supra,* 159 Cal.App.4th at pp. 1086–1087.) The judgment was reversed and the matter remanded to the trial court with directions to hold a *Marsden* hearing to consider the defendant's reasons for his dissatisfaction with counsel. (*Id.* at p. 1088.)

Similarly, in *People v. Mendez* (2008) 161 Cal.App.4th 1362 [75 Cal.Rptr.3d 162] (*Mendez*), the fact that the defendant's trial attorney informed the trial court that the defendant wished to make a new trial motion based on competency of counsel was held adequate to put the trial court on notice of his request for a *Marsden* hearing. (*Id.* at pp. 1365, 1367.) In *Mendez,* the court observed that *Marsden* imposes four requirements. "First, if 'defendant complains about the adequacy of appointed counsel,' the trial court has the duty to 'permit [him or her] to articulate his [or her] causes of dissatisfaction and, if any of them suggest ineffective assistance, to conduct an inquiry sufficient to ascertain whether counsel is in fact rendering effective assistance.' . . . [¶] . . . [¶] Second, if a 'defendant states facts sufficient to raise a question about counsel's effectiveness . . . ,' the trial court has a duty

to 'question counsel as necessary to ascertain their veracity.' . . . [¶] Third, the trial court has the duty to 'make a record sufficient to show the nature of [a defendant's] grievances and the court's response to them.' . . . [¶] Fourth, the trial court must ' "allow the defendant to express any specific complaints about the attorney and the attorney to respond accordingly." ' " (*Id.* at pp. 1367–1368, italics & citations omitted.) As in *Mendez*, the trial court here made no such inquiry.

We are aware that the Third Appellate District has expressly declined to follow *Mendez*, as well as *People v. Eastman* (2007) 146 Cal.App.4th 688 [52 Cal.Rptr.3d 922] (*Marsden* hearing required on request for new counsel on motion to withdraw plea), cited in *Mendez*, finding them inconsistent with our Supreme Court's holding in *People v. Dickey* (2005) 35 Cal.4th 884 [28 Cal.Rptr.3d 647, 111 P.3d 921] (*Dickey*). (*People v. Richardson* (2009) 171 Cal.App.4th 479 [90 Cal.Rptr.3d 92] (*Richardson*).)

In *Dickey*, the defendant in a capital murder trial sought appointment of separate counsel, after his conviction in the guilt phase but prior to commencement of the penalty phase, to pursue a motion for new trial based on incompetence of counsel during the guilt phase. (*Dickey, supra*, 35 Cal.4th at p. 918.) The trial court appointed separate counsel to present the motion, which was heard after the penalty phase and denied. (*Id.* at p. 920.) The court rejected Dickey's claim of *Marsden* error, holding that Dickey had not clearly indicated that he wanted substitute counsel appointed *for the penalty phase*. Since the request he did make—for appointment of separate counsel to make his new trial motion—was granted, "he has no grounds for complaint now." The court further found that, on the record before it, a *Marsden* motion would have been baseless. (*Id.* at pp. 920–921.)

In *Richardson*, the defendant sent a presentencing letter to the court requesting a new trial on grounds including claims that his trial counsel had improperly persuaded him not to testify in his own behalf, and to lie to the court about his decision, and further that his counsel had failed to call four defense witnesses to testify. (*Richardson, supra*, 171 Cal.App.4th at p. 482.) The trial court did not conduct a *Marsden* hearing, but appointed separate counsel to investigate Richardson's allegations. (*Id.* at p. 483.) The attorney advised the court that he found no basis for a motion for new trial. (*Ibid.*) The Third Appellate District found no error because the defendant's desire for substitute counsel was not made clear, and further because his subsequent communications with his original trial attorney were "utterly inconsistent with a request for substitute counsel." (*Id.* at pp. 484–485.)

We find *Richardson* distinguishable in that the bases for the defendant's claims of dissatisfaction with his trial counsel, and for his allegations of

ineffective representation, were explicitly set forth on the record. It is the complete absence of any record here that requires remand. We would, in any event, respectfully disagree with our Third District colleagues' conclusion that *Mendez* is inconsistent with the Supreme Court's holding in *Dickey.*

We agree with *Mejía* and *Mendez.* The record here shows that the trial court made none of the necessary inquiries about the basis for Reed's incompetence claim. As the trial court acknowledged: "[A]ny dialogue you may have had with your attorney, any preparation that may have taken place for your case is something that is not in the realm of things that I am privy to. . . . [¶] So, I am not in the position to evaluate whether she was effective counsel or not . . . ." Failure to undertake the "imperative duty" to make the requisite *Marsden* inquiries on such issues was error.

Reversal is required unless the record shows beyond a reasonable doubt that Reed was not prejudiced. (*Marsden, supra,* 2 Cal.3d at p. 126; *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824]; *Mejía, supra,* 159 Cal.App.4th at p. 1087.) Division One of this district has held that a trial court's failure to conduct a postconviction *Marsden* hearing is harmless where the defendant "has made no showing . . . either that his *Marsden* motion would have been granted had it been heard, or that a more favorable result would have been achieved had the motion in fact been granted." (*People v. Washington* (1994) 27 Cal.App.4th 940, 944 [33 Cal.Rptr.2d 569] (*Washington*).) In *Washington,* the defendant made a *Marsden* motion in conjunction with a motion for new trial. The trial court heard and denied the motion for new trial, but failed to hold a *Marsden* hearing. (*Id.* at pp. 942–943.) In concluding that the *Marsden* error was harmless, the court observed that, because of the timing of the motion, the only basis for the motion could be that counsel performed ineffectively during trial or could not adequately represent the defendant at sentencing. (*Id.* at p. 944.) The court concluded, after its own review of counsel's actions, that no grounds for claiming ineffective assistance of counsel existed. The court observed: "We cannot see how the appointment of a different attorney would have gained [the defendant] a new trial, or could have had any effect on the sentence imposed . . . ." (*Ibid.*) Because the failure to hold a *Marsden* hearing did not deprive the defendant of any arguments on appeal or otherwise affect the verdict or sentence, the reviewing court concluded that the defendant would not have obtained a more favorable result had the motion been entertained. (*Ibid.*)

*Washington* is distinguishable because, in that case, the trial court denied the motion for new trial and the defendant did not raise any argument with respect to such motion on appeal. (*Washington, supra,* 27 Cal.App.4th at pp. 942–943.) Here, we simply cannot determine from the silent record

before us whether further inquiry would have led to a different result.[15] The People point out that "[a]ppellant has not attempted to argue or cite any support in the appellate record that he would have, or should have, prevailed on the ineffective assistance ground in a motion for new trial." But, because it remains impossible on this record to determine whether further inquiry would have led the court to grant a new trial motion, we cannot conclude that the trial court's error was harmless beyond a reasonable doubt.[16] (See *Marsden, supra,* 2 Cal.3d at p. 126; *Mejía, supra,* 159 Cal.App.4th at p. 1087 [reversing and remanding when it was unknown what defendant might have shown after inquiry]; *Winbush, supra,* 205 Cal.App.3d at p. 991 ["[a]n appellate court cannot speculate upon the basis of a silent record that the trial court, after listening to defendant's reasons, would decide the appointment of new counsel was unnecessary"].)

C., D.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. Disposition

The judgment is reversed with directions to the trial court to make further inquiry into Reed's claim of ineffective assistance of counsel. If, after further inquiry, the court determines good cause exists for appointment of new counsel to fully investigate and present defendant's motion for new trial, the court shall appoint new counsel for that purpose and conduct further proceedings as necessary. If, on the other hand, the court determines after further inquiry that good cause does not exist for appointment of new counsel to

---

[15] Contrary to the People's contention, we do not know whether Reed's ineffective assistance of counsel claim was based on defense counsel's performance in the court's presence or on matters outside the record. The trial court merely assumed the latter basis without making any inquiry. Accordingly, the People's reliance on *People v. Cornwell* (2005) 37 Cal.4th 50, 100–102 [33 Cal.Rptr.3d 1, 117 P.3d 622], disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, footnote 22 [87 Cal.Rptr.3d 209, 198 P.3d 11], is misplaced.

[16] *People v. Mack* (1995) 38 Cal.App.4th 1484 [45 Cal.Rptr.2d 614] is also distinguishable. In *People v. Mack,* the trial court's failure to inquire into counsel's performance was deemed harmless error when the reviewing court was not confronted with a silent record because the defendant's appellate counsel had raised numerous ineffectiveness issues, both on direct appeal and in a related petition for a writ of habeas corpus. (*Id.* at p. 1487.) The reviewing court had already concluded the arguments had no merit. (*Id.* at p. 1488.) Accordingly, the court stated: "we agree with *Winbush* that where the matter is not actually raised by new counsel representing a defendant on appeal, either by way of the direct appeal or in a collateral writ, a remand to the trial court is appropriate. But in the situation . . . where new counsel on appeal does address trial counsel's alleged ineffectiveness, a remand to the trial court is not necessary . . . ." (*Id.* at pp. 1488–1489.)

[*] See footnote, *ante,* page 1137.

fully investigate and present defendant's new trial motion, the court shall rule on the motion as presented by Reed. If the court denies the motion for new trial, the court shall reinstate the judgment.

Simons, Acting P. J., and Needham, J., concurred.