Filed 7/19/13  P. v. Stopani CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JORGE STOPANI,<br><br>    Defendant and Appellant. | F064742<br><br>(Super. Ct. No. 11CM7556)<br><br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos and James LaPorte, Judges.[†]

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]    Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

[†]    Judge DeSantos presided over the *Marsden* and *Pitchess* motions; Judge LaPorte presided over the motion for continuance and trial.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

This appeal raises two questions: Did the trial court fail to make an adequate inquiry concerning a complaint about the performance of appointed defense counsel by defendant and appellant Jorge Stopani? We conclude the court fully discharged its duty under *People v. Marsden* (1970) 2 Cal.3d 118. Second, did the court abuse its discretion in denying a defense motion for continuance, made on the first day of trial, to permit counsel to file a discovery motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531? We conclude the court did not abuse its discretion. Accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Defendant was an inmate at the Substance Abuse Treatment Facility at the state prison in Corcoran. Defendant was housed in a unit that consisted of a day room, a toilet room, and three dormitory rooms, all of which were overseen from an office separated from the unit by a wall with large windows. Defendant was confined to a wheelchair.

On June 28, 2011, Corrections Officer Tim Price announced from the office, over the loudspeakers, that there would be a search of the unit; he instructed all the inmates to return to their assigned dormitories. As inmates were complying, Price and his partner, Jesse Lopez, Jr., also in the office, saw defendant wheel himself from his dormitory to the toilet. There, defendant stopped at a covered trash can, and the officers saw him pull an unidentified object from between his legs and deposit it into the trash can. Lopez told Price to continue to watch defendant, and Lopez went to the trash can. He found that the trash can was empty except for a homemade knife lying at the bottom.

Defendant was charged with violation of Penal Code section 4502, subdivision (a), possession of a weapon by a prisoner. The information also alleged one prior strike and

two prior prison term enhancements. (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i), 667.5, subd. (b).)

At defendant's readiness hearing, the court was discussing with defendant the prosecution's offer for resolution of the case. Defendant stated that he understood the offer but "I just wanted to ask you about the Pitchess Motion." Defense counsel interjected: "He's also requesting a Pitchess Motion, but I also believe I don't have enough information to file a Pitchess Motion." After some further discussion, the court determined that defendant was alleging ineffective assistance of counsel, and the court convened a closed hearing pursuant to *People v. Marsden, supra,* 2 Cal.3d 118.

The sealed transcript of the *Marsden* hearing reveals that the court invited defendant to state his complaint concerning counsel. Defendant said he had done some research concerning *Pitchess* motions and he believed counsel should file such a motion because "this officer" (apparently, Lopez) had "up to like 3000" inmate complaints against him. The court questioned defendant about the basis for this claim, and twice offered to place defendant under oath to establish a basis for the *Pitchess* motion. Defendant declined. When asked to respond to defendant's contentions, defense counsel stated: "I've had some conversations with [defendant] at different times. I've never been given any specific names. I said I need witnesses' names or CDC numbers. I've not been provided any. [Defendant] indicated to me that there was [*sic*] individuals, but they're not willing to participate." Counsel later added: "I tried to explain to [defendant] the Pitchess Motion. I've done some. I've been granted some. I've been denied some. I need to show good cause. It can't be a fishing expedition …. I would love to do it, but I don't have the information that would be good cause for the Court to grant a Pitchess Motion." The court denied the *Marsden* request, concluding that there was no current showing that a *Pitchess* motion would be justified.

On the first day of trial, defense counsel advised the court that defendant had learned of an inmate who would testify in the case, and that the inmate had provided

documentation of numerous complaints by the inmate against Lopez. During the course of a lengthy hearing on the motion, the court examined the new documentation and noted that the complaints against Lopez all involved disputes over lighting conditions in the unit, not claims of falsification of evidence by Lopez. Defense counsel denied that the defense would be based on a claim that Lopez had planted the knife; instead, "[w]e're saying my client was not the one who placed" the knife in the trash can. The court denied the motion for continuance on the basis defendant had not exercised due diligence in obtaining and presenting to counsel the information that was the basis for the request for continuance.

The trial proceeded with Lopez, Price, and defendant's fellow prisoner, Michael Flanery, as the only witnesses. During her closing argument to the jury, the prosecutor stated, "Ladies and gentlemen, again, [defense counsel] basically just told you that Mr. Lopez and Mr. Price planted evidence and lied to all of you." Defense counsel objected: "Your Honor, that's misstating what I'm saying. And, I'm objecting as to planting." In fact, defense counsel had argued that the officers did see defendant going to the trash can as they described, and saw him drop an unidentified object into the can; when Lopez discovered the knife in the trash can, the officers "want[ed] to tie it to somebody so they're going to tie it to the last person who was in that area." Counsel concluded that Lopez's testimony that there was nothing else in the trash can that defendant could have been depositing when the officers saw him, was "simply fudging the truth for -- for him to make a stronger case for you to convict my client."

The jury returned a guilty verdict. Defendant admitted the enhancement allegations. Subsequently, the court sentenced defendant to the upper term of four years, doubled pursuant to the "Three Strikes" law, and imposed two one-year prior prison term enhancements, for an operative sentence of 10 years, consecutive to defendant's current sentence.

## DISCUSSION

Defendant contends the trial court abused its discretion in failing to make a careful and sufficient inquiry into defendant's claim of ineffectiveness of trial counsel. (See *People v. Reed* (2010) 183 Cal.App.4th 1137, 1143-1144.) Here, the court gave defendant an ample opportunity to explain why he believed a *Pitchess* motion was appropriate. The court, after questioning defendant and hearing from defense counsel, determined defendant did not have information available to him that would support a *Pitchess* motion. The right to constitutionally effective counsel does not include the right to have counsel make meritless motions. (See *People v. Mattson* (1990) 50 Cal.3d 826, 876; *People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 836.) Because the court adequately investigated defendant's allegation of ineffective assistance, the issue is whether the court erred in concluding that there was no basis for a *Pitchess* motion. We turn to that question.

As explained in *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1018-1019, the procedure that has come to be known as a *Pitchess* motion arose from a 1974 holding of the Supreme Court in *Pitchess v. Superior Court, supra,* 11 Cal.3d at pages 536-537, that "a criminal defendant could 'compel discovery' of certain relevant information in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him." The Legislature subsequently "codified the holding of *Pitchess* …." (*Warrick v. Superior Court, supra,* at p. 1019.) The *Pitchess* procedure requires the trial court to review pertinent personnel files to determine whether there is relevant information that should be disclosed to the defendant. However, the defendant must establish good cause for such review. In order to do so, the defendant is required to establish "a plausible scenario of officer misconduct" (*id.* at p. 1026), that is, "an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges" (*ibid.*).

5.

It is clear from the record that defense counsel held himself to a standard for the filing of such a motion that is higher than the Supreme Court requires. In other words, counsel asserted to the trial court at the *Marsden* hearing that he could not file a *Pitchess* motion because he did not have documented allegations filed by other inmates against Lopez. *Warrick* only requires allegations by the defendant.

Nevertheless, the defendant's allegations must be specific and consistent with his asserted defense and, in the present case, defendant has failed on both counts. Before the court at the time of the *Marsden* hearing was a motion for appointment of a defense expert. In counsel's declaration in support of that motion, counsel stated that the defense was that, just as Lopez had observed, defendant was in the vicinity of the trash can at the time in question, but he did not put the knife in the can. When given the opportunity at the *Marsden* hearing to allege under oath that Lopez had placed the knife in the trash can, defendant declined to do so. Even at trial, defense counsel specifically disclaimed any theory that Lopez had planted evidence. Instead, the theory was that Lopez and Price had, indeed, seen defendant roll into the toilet area next to the trash can, had seen defendant drop something into the trash can, truthfully testified that they could not tell what it was defendant had dropped into the can, and that Lopez had "fudged" his in-court testimony in asserting that there was nothing else in the can that defendant could have deposited instead of the knife. Accordingly, the defense theory was that the officers had seen what they testified they saw, but had drawn erroneous conclusions from what they actually saw. This does not constitute an assertion of police misconduct, and does not propose a defense that is supported by an allegation of prior falsification of evidence by Lopez. Neither at the time of the *Marsden* hearing nor at the time of trial did defendant establish good cause for an examination of Lopez's personnel records pursuant to *Pitchess*.

This brings us to defendant's final contention, that the court abused its discretion in failing to grant a continuance of the trial to permit the filing of a *Pitchess* motion.

6.

Because, as we have concluded, defendant did not establish that such a motion would likely have been meritorious, the court did not err in refusing to grant the continuance; nor was defendant prejudiced by the failure to grant a continuance, since he did not have grounds for a successful *Pitchess* motion.

## DISPOSITION

The judgment is affirmed.