Filed 8/9/16  P. v. Herina CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER FRANCIS HERINA,<br><br>Defendant and Appellant. | C078762<br><br>(Super. Ct. No. CM041759) |

This appeal arises out of convictions in two separate cases.  In case No. CM041759, defendant Christopher Francis Herina pleaded no contest to leaving the scene of an injury accident.[1]  (Veh. Code, § 20001, subd. (a).)  In case No. SCR-100898,

---

[1]     In case No. SCR-100009, defendant was charged with petty theft in violation of Penal Code sections 484, 488, 490.5.  Pursuant to the negotiated disposition of case No. CM041459, this matter was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

defendant pleaded guilty to willful infliction of corporal injury upon a girlfriend. (Pen. Code, § 273.5, subd. (a).) He was sentenced together on both cases. The trial court suspended imposition of sentence and placed him on probation for a term of 36 months with various terms and conditions, including 120 days in county jail.

On appeal, defendant contends the trial court erred by failing to hold a *Marsden*[2] hearing in case No. CM041759 after he indicated such a hearing was necessary based on ineffective assistance of counsel and/or breakdown of the attorney-client relationship. Defendant further contends the trial court erred by failing to provide a detailed breakdown of all the fines, fees, and penalties imposed upon him. The People concede the points, and we agree. We reverse the judgment and remand the matter with directions.

DISCUSSION

In light of the limited issues raised on appeal, we dispense with a recitation of the underlying facts as they are irrelevant to the resolution of this appeal.

A.      *Marsden* Hearing

Defendant assserts reversal is required because the trial court failed to conduct a *Marsden* hearing prior to sentencing. We agree.

"[A] trial court must conduct . . . a *Marsden* hearing only when there is at least some clear indication by the defendant, either personally or through counsel, that defendant wants a substitute attorney. . . . [I]f a defendant requests substitute counsel and makes a showing during a *Marsden* hearing that the right to counsel has been substantially impaired, substitute counsel must be appointed as attorney of record for all

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). A so-called *Marsden* hearing is typically conducted outside the presence of the public, the jury, and the prosecution and allows the defendant an opportunity to convey to the court reasons he should be appointed new counsel. (See *People v. Lopez* (2008) 168 Cal.App.4th 801, 814-815.)

purposes." (*People v. Sanchez* (2011) 53 Cal.4th 80, 84 (*Sanchez*).) "[A]t any time during criminal proceedings, if a defendant requests substitute counsel, the trial court is obligated . . . to give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney. [Citation.]" (*Id.* at p. 90, fn. omitted.)

"When a defendant seeks new counsel on the basis that his appointed counsel is providing inadequate representation[,] . . . the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance. A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Smith* (2003) 30 Cal.4th 581, 604.) "We review the denial of a *Marsden* motion for abuse of discretion. [Citation.]" (*People v. Taylor* (2010) 48 Cal.4th 574, 599.)

We conclude defendant unequivocally invoked his *Marsden* rights when he submitted a letter to the trial court requesting a *Marsden* hearing to "get to the bottom" of various issues, including claims of ineffective assistance of counsel and a potential breakdown of the attorney-client relationship. (See *People v. Rivers* (1993) 20 Cal.App.4th 1040, 1051, fn. 7 [request under *Marsden* must be "clear and unequivocal"].) Following his pleas but prior to sentencing, defendant filed an eight-page handwritten letter asserting trial counsel had failed to adequately represent his interests and did not want to represent him. Defendant claimed his counsel was "so deficient about the accident info (report and DA report) [he] was mislead in a plea . . . ." He stated that he was "ill advised, misrepresented and fooled." Defendant also claimed he had evidence to prove his innocence regarding the hit-and-run offense, and suggested his trial counsel had failed to adequately investigate the exculpatory evidence pertaining to this offense. At the sentencing hearing, the trial court acknowledged receipt of defendant's letter, but failed to afford him a *Marsden* hearing.

3

Although defendant did not specifically ask to have his attorney replaced, his letter expressed the need for a *Marsden* hearing and clearly indicated he believed trial counsel had provided inadequate representation. The letter also suggested there may have been a fundamental breakdown in the attorney-client relationship. Under these circumstances, the trial court was obligated to conduct a Marsden hearing and make a record that defendant's complaints had been adequately aired and considered. (See *Sanchez, supra*, 53 Cal.4th at pp. 89-90; *People v. Kelley* (1997) 52 Cal.App.4th 568, 579-580.) Its failure to do so was error. Because the record does not show the error was harmless beyond a reasonable doubt, remand is appropriate for the purpose of conducting a *Marsden* hearing. (*People v. Hill* (2013) 219 Cal.App.4th 646, 653.)[3]

B.      Fees, Fines, and Penalties

Defendant contends the trial court erred by failing to prepare a probation order listing the specific amount and statutory basis of all the fines, fees, and penalties imposed upon him. We agree. The trial court erred when it did not fully and faithfully comply with the requirements specified in *People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201, and *People v. Eddards* (2008) 162 Cal.App.4th 712, 718.

---

[3]      The People do not suggest the error can be deemed harmless. Because we do not know what defendant might have shown had he received a *Marsden* hearing, we cannot say the error was harmless beyond a reasonable doubt. Defendant might have been able to demonstrate that his attorney did not provide him adequate representation. (See *People v. Hill, supra*, 219 Cal.App.4th at p. 653 ["Because defendant might have been able to demonstrate that his attorney was not affording him adequate representation, . . . we cannot say that the error was harmless beyond a reasonable doubt"]; *People v. Reed* (2010) 183 Cal.App.4th 1137, 1148-1149 [where it remains possible that upon further inquiry by the court the defendant could have shown ineffective assistance of counsel, error in failing to hold *Marsden* hearing cannot be held harmless]; *In re Vargas* (2000) 83 Cal.App.4th 1125, 1134 [" 'It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea' "].)

At the sentencing hearing, the trial court stated, "As it relates to the felony [hit-and-run] matter, the total 672 fine is 850 including assessment." The probation order reflects that an $850 fine was imposed upon defendant for the hit-and-run matter, but fails to specify the statutory basis and amount of each component part of that fine. Accordingly, the probation order does not satisfy the requirements of *High* and *Eddards*.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions that " '(1) the court shall hold a hearing on [defendant]'s *Marsden* motion concerning his representation by the public defender's office; (2) if the court finds that [defendant] has shown that a failure to replace his appointed attorney would substantially impair his right to assistance of counsel, the court shall appoint new counsel to represent him and shall entertain such applications as newly appointed counsel may make; and (3) if newly appointed counsel makes no motions, any motions made are denied, or [defendant]'s *Marsden* motion is denied, the court shall reinstate the judgment.' " (*Sanchez, supra*, 53 Cal.4th at pp. 92-93.) In the event the judgment is reinstated, the trial court shall prepare an amended probation order separately listing, with the statutory basis, all fines, fees, and penalties imposed upon defendant and provide a copy of the amended order to the Butte County Sheriff's Department and the Chief Probation Officer of Butte County.

    NICHOLSON    , Acting P. J.

We concur:

    ROBIE    , J.

    HOCH    , J.