[No. A062150. First Dist., Div. One. Aug. 19, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD WASHINGTON, Defendant and Appellant.

**COUNSEL**

Diane Schneider, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Stan M. Helfman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—Donald Washington, an inmate at Pelican Bay State Prison, appeals from his convictions of battery by an inmate on a noninmate (Pen. Code, § 4501.5), resisting arrest (Pen. Code, § 148) and assault likely to produce great bodily injury (Pen. Code, § 245). Washington contends (1) that he was deprived of his right to a *Marsden* hearing (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]), and (2) that the court committed sentencing error. We will affirm Washington's conviction, but will remand the matter to the superior court for resentencing.

The charges against Washington arose from an alleged attack by him on Correctional Officer Michael Randolph. It was further alleged that Washington previously had been convicted of two serious felonies: murder and assault by an inmate on a noninmate. Washington entered pleas of not guilty and not guilty by reason of insanity. His trial was trifurcated. Following the first phase, the jury determined that Washington had in fact committed the charged offenses. Following the second phase, the jury returned a verdict that Washington was sane at the time he committed the offenses. At the third and final phase, the jury returned a verdict finding the enhancing allegations to be true. Washington moved for a new trial. The trial judge, Judge Nelson, however, was not available at the time of the hearing on Washington's motion; a second judge, accordingly, presided at the hearing. As relevant to the issues raised here, Washington, expressing anger that the trial judge was not present, also claimed that he was dismissing his attorney.[1]

The court put the matter over for a day to determine the schedule of Judge Nelson. The following day, the court suggested that the matter be continued for approximately two weeks until Judge Nelson returned. The court and parties discussed a number of issues, including Washington's competence, and what his attorney viewed as an attempt by Washington to make a

---

[1] A transcript of the hearing discloses the following:

"THE COURT: Case 92-342-X—

"DEFENDANT WASHINGTON: You want the judge of record? The judge was George L. Nelson. You wasn't the judge of record.

"THE COURT: Okay. We'll call the People of the State of California vs. Donald Washington. Mr. Washington is here with his attorney, Mr. Levy.

"Defendant Washington: *He ain't my attorney. I'm dismissing him right now.*

"THE COURT: This matter is on for a motion for a new trial, which should probably be heard by the trial judge, who was Judge Weir.

"DEFENDANT WASHINGTON: No, Judge Weir wasn't the judge.

"THE COURT: Excuse me. It's much preferred if the matter be heard by the trial judge. But your position on that, Mr. Levy?

"DEFENDANT WASHINGTON: I'm dismissing all this shit today. I'm going pro per. Here you go, right here. That's my motion right here." (Italics added.)

*Marsden* motion. The court, among other things, concluded that Washington wanted to make a *Marsden* motion but ultimately ruled that all matters should be deferred until the return of Judge Nelson.[2, 3]

Judge Nelson, however, did not deal with the *Marsden* motion. Indeed, it appears that Judge Nelson was not aware that such a motion might be pending; believing, rather, that it either had been dropped or had been resolved in his absence. Thus, at the hearing on Washington's motion for a new trial, defense counsel told the judge that at the previous hearings "there was an outburst from Mr. Washington. I believe he was attempting to make a *Marsden* Motion and also serve some papers on the court regarding his own pro per motion." Counsel cited those facts not in order to obtain a *Marsden* hearing, but in support of his request that further competency proceedings be initiated. The court denied the motion for new trial and motion to commence competency proceedings. Neither Washington, nor his attorney, nor any other person, indicated that Washington still wished to dismiss his attorney.

## Discussion

The Attorney General argues that the failure of either defense counsel or Washington himself to renew the matter before Judge Nelson should be taken as a waiver of any right to a *Marsden* hearing. The record does indicate both that Washington's dissatisfaction with his attorney was transitory, and that Washington was and is quite capable of manipulating the situation so as

---

[2]A transcript of this hearing discloses the following: "THE COURT: So my judgment of wisdom this afternoon, that I'm going to defer all matters to Judge Nelson, now that we know that he will be here on the 4th. Now, this motion has been filed. I'm comfortable with the thought that given yesterday's requests, which included the specific request that Judge Nelson be the one to deal with things, and the filing of this motion, that the sentence time table is interrupted. And so—I don't now see the minutes yet from yesterday. *But I fully do intend to recognize the Marsden Motion. I want the record to reflect that so it will be dealt with by Judge Nelson.*" (Italics added.)

[3]We accept the court's conclusion that Washington in fact was attempting to make a *Marsden* motion, rather than requesting that he be permitted to represent himself under *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]. A *Faretta* motion would have been untimely, although the court in its discretion nonetheless might have entertained it. (*People* v. *Windham* (1977) 19 Cal.3d 121, 128 [137 Cal.Rptr. 8, 560 P.2d 1187].) If the motion were deemed a *Faretta* motion, our review of it would be limited to determining whether the error was harmless under *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. (*People* v. *Rivers* (1993) 20 Cal.App.4th 1040, 1050 [25 Cal.Rptr.2d 602].) On this record, any error was patently harmless.

to provide grounds for a later claim of error.[4] Concluding that any error was harmless in all events, we need not here determine whether the duty of the trial court to consider a *Marsden* motion exists even where the court is unaware that such a motion is pending, or whether a defendant who has once raised the matter waives any error by failing to raise it again before a different judge.

■ *Marsden* does not establish a rule of per se reversible error. (*People v. Chavez* (1980) 26 Cal.3d 334, 348-349 [161 Cal.Rptr. 762, 605 P.2d 401].) Washington has made no showing here either that his *Marsden* motion would have been granted had it been heard, or that a more favorable result would have been achieved had the motion in fact been granted. The failure to rule on the motion did not affect Washington's trial in any way. The motion was made only *after* he had been convicted. The basis for such a motion at such a time could have been only that his attorney had acted incompetently at trial or in filing the motion for new trial (see generally, *People* v. *Smith* (1993) 6 Cal.4th 684, 693 [25 Cal.Rptr.2d 122, 863 P.2d 192]) or, possibly, that Washington believed that counsel would be unable to represent him properly at sentencing. The fact that no *Marsden* motion was entertained does not preclude Washington from attacking the competency of his attorney. Indeed, we have reviewed counsel's actions under the standards stated in *People* v. *Babbitt* (1988) 45 Cal.3d 660, 707 [248 Cal.Rptr. 69, 755 P.2d 253], and conclude that no grounds for claiming ineffective assistance of counsel exist. Washington was ably represented and the evidence against him was nothing less than overwhelming. We cannot see how the appointment of a different attorney would have gained Washington a new trial, or could have had any effect on the sentence imposed, and we, of course, are able to review Washington's claims that the sentence imposed was improper. We therefore conclude that the failure to consider the purported *Marsden* motion has not deprived Washington of any arguments or otherwise irrevocably affected the verdict or sentence. Under the circumstances, and on the record before us, we cannot see that Washington would have obtained a result more favorable to him had the motion been entertained.

*Sentencing Error*

■ This was Washington's second conviction of battery by an inmate upon a noninmate, an offense punishable by a term of two, three, or four

---

[4]In denying Washington's motion to commence additional competency proceedings the trial judge stated: "It's the Court's opinion that Mr. Washington is well aware of the proceedings that are going on before the Court, I have observed his behavior, is quite rational, quite observant, and is quite well aware of what's going on. He is also very manipulative and has learned how to manipulate people who are in charge of him, including the court, and that these actions are the result of that desire to manipulate."

years. (Pen. Code, § 4501.5.) He had been convicted of the same offense in 1986 and, at that time, had been sentenced to a term of two years, to be served consecutively to the sentence he was then serving. The court here sentenced Washington to another consecutive term of four years. The Third Division of this court, in *People* v. *Venegas* (1994) 25 Cal.App.4th 1731, 1742-1744 [31 Cal.Rptr.2d 114], recently held that such a sentence violates Penal Code section 1170.1, subdivisions (a) and (c), providing as relevant, that where the sentences for "new offenses" are to be served consecutively, the greatest term of imprisonment will be selected as the principal term, the other or others will be the subordinate term or terms, and such subordinate term or terms shall consist of one-third of the statutory middle term.[5] For the reasons stated by the Third Division, the sentence imposed here was error. The superior court should have designated the sentence on the current offense as the principal term, and reimposed the 1986 sentence as a subordinate term of one-third the midterm.

The judgment is affirmed. The matter is remanded to the superior court for resentencing in accordance with our opinion. The superior court further is ordered to forward a corrected abstract of judgment to the Department of Corrections.

Newsom, Acting P. J., and Dossee, J., concurred.

---

[5]In *People* v. *Perez* (Cal.App.), decided by this division, we essentially adopted the same analysis used by the Third Division in *Venegas*. Review in *Perez* (A057239) was granted on December 16, 1993 and subsequently dismissed on May 12, 1994.