Filed 5/19/14  P. v. Jamison CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE, | C073826 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF112494) |
| v. | |
| JEREMY JAMISON, | |
| Defendant and Appellant. | |

Defendant Jeremy Jamison was sentenced to seven years in state prison for theft from an elder pursuant to a no contest plea.  On appeal, defendant contends the trial court prejudicially erred by failing to hear his postplea but presentencing *Marsden*[1] motion, in which he claimed his plea was involuntary because it was entered as a result of his attorney's lies and manipulations of defendant.  We reverse the judgment and remand the matter to the trial court to hold a hearing on defendant's postplea *Marsden* motion.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

1

## FACTUAL BACKGROUND

Because of the nature of the issue raised on appeal, the substantive facts are only briefly summarized. At a neighbor's request, the 74-year-old-victim allowed defendant, who was homeless, to stay with her for a couple of weeks "until he could get set up with his own place." One morning, the victim woke to find defendant and his possessions gone. Soon thereafter, the victim was notified of possible fraudulent activity against her credit card and discovered defendant had stolen her credit card and some of her gold jewelry. Defendant charged an Amtrak ticket and two nights at a local motel, among other things, to the victim's credit card without her permission. Defendant also wrote a check against the victim's bank account.

## PROCEDURAL BACKGROUND

Defendant was charged with grand theft (Pen. Code, §§ 484, subd. (a), 487, subd. (a)[2] -- count 1), unauthorized use of an access card (§§ 484g, 487, subd. (a) -- count 2), identity theft (§ 530.5, subd. (a) -- count 3), theft or embezzlement from an elder (§ 368, subd. (d) -- count 4), and possession of marijuana (Health & Saf. Code, § 11357, subd. (b) -- count 5). Defendant was also alleged to have a prior conviction for a serious felony (§ 667, subd. (e)(1)) and a prior prison term within five years prior to the current charges (§ 667.5, subd. (b)).

Defendant was represented by appointed counsel Rodney Beede. Defendant initially entered a plea of not guilty and denied all enhancements on July 25, 2011. On March 22, 2012, defendant was deemed incompetent to stand trial and was committed to a state hospital for treatment. On October 4, 2012, proceedings recommenced. On February 4, 2013, defendant entered a plea of not guilty and not guilty by reason of insanity.

---

[2] Undesignated statutory references are to the Penal Code.

On February 11, 2013, defendant, without the assistance of counsel, sought to have his appointed counsel replaced with different appointed counsel. On March 18, 2013, defendant, through Beede, withdrew his request for a *Marsden* hearing. The court specifically confirmed the withdrawal with defendant.

In that same court appearance, defendant pleaded no contest to theft from an elder (count 4) and admitted enhancements for a prior strike and prior prison term in exchange for a state prison sentence of seven years. All other counts and enhancements were dismissed. Defendant indicated he had discussed the terms of the plea and its possible consequences with his attorney and that he had not been threatened or promised anything to enter his plea.

Defendant renewed his pro. per. campaign to have new counsel appointed (and began attempting to withdraw his plea). He wrote to the court on March 18, 2013, claiming Beede manipulated him into accepting the plea and that he did not intend to withdraw his *Marsden* motion. On March 19, 2013, he made an identical request. On March 20, 2013, he again informed the court he did not intend to withdraw his *Marsden* motion. On March 22, 2013, defendant reiterated his requests for new counsel. On March 24, 2013, defendant submitted another written request seeking the same relief. On April 2, 2013, defendant moved to fire his counsel.

At a court hearing on April 12, 2013, defendant withdrew his *Marsden* motion, without prejudice. After counsel indicated he and defendant had spoken and defendant had decided to withdraw his motion, the court asked defendant directly, and defendant confirmed he was no longer requesting Beede's removal "at this point."

On April 13, 2013, defendant, without counsel's assistance, attempted to appeal his case and obtain a certificate of probable cause. In his request for a certificate of probable case, he contended he withdrew his *Marsden* motion because Beede told him the attorney who would be appointed to replace him was one whom defendant had fired in a previous criminal matter. Defendant wrote he "need[ed] new counsel."

3

Defendant made two other requests to have new counsel appointed before his sentencing hearing. On April 14, 2013, defendant asked the court to replace Beede with other defense counsel "[i]f Mr. Beede fails to keep all his promises this time . . . ." On April 15, 2013, defendant renewed his request for a *Marsden* hearing[3] to appoint new counsel based on counsel's alleged repeated lies and manipulation of defendant.

On April 30, 2013, at a court hearing, Beede indicated he would be able to address defendant's concerns at sentencing and that no meeting in chambers would be required. The prosecution asked the court whether it had ruled on defendant's numerous handwritten pro. per. motions. The court indicated that it had the last time (at the April 12, 2013, hearing) and defendant's counsel indicated defendant withdrew both his *Marsden* motion and his motion to withdraw his plea. Defendant agreed.

Without any further discussion of defendant's subsequent *Marsden* motions, the court sentenced defendant to seven years in state prison, ordered defendant to pay restitution and enumerated fines and fees, and awarded defendant presentencing credits. Beede requested that instead of being sent to prison, that defendant be sentenced to "an appropriate mental health facility," and if that were not possible, to order defendant placed into the transgender facility. The court declined to direct the Department of Corrections and Rehabilitation regarding placement of defendant, but noted that a doctor had recommended defendant be placed in a transgender facility.

Defendant's request for a certificate of probable cause was denied.

## DISCUSSION

Defendant contends the trial court committed reversible error by not holding a hearing on his postplea *Marsden* motion prior to sentencing him. The People claim any

---

[3] Defendant actually requested a "*Moresy* hearing," but the context of the motion makes clear that defendant sought to have Beede removed as counsel and to have new counsel appointed.

4

error in failing to hear defendant's "conditional" request for appointment of new counsel was harmless because defendant has not shown his motion would have been granted or that he would have achieved a more favorable result. We find it was error for the trial court to sentence defendant without holding a *Marsden* hearing based on defendant's April 14 and April 15 requests, and that such error is prejudicial pursuant to the applicable standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711] (*Chapman*).

"When a defendant seeks new counsel on the basis that his appointed counsel is providing inadequate representation--i.e., makes what is commonly called a *Marsden* motion [citation]--the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance." (*People v. Smith* (2003) 30 Cal.4th 581, 604.) Thus, "when a defendant complains about the adequacy of appointed counsel, the trial court [must] permit the defendant to articulate his causes of dissatisfaction and, if any of them suggest ineffective assistance, [must] conduct an inquiry sufficient to ascertain whether counsel is in fact rendering effective assistance. [Citations.] If the defendant states facts sufficient to raise a question about counsel's effectiveness, the court must question counsel as necessary to ascertain their veracity." (*People v. Eastman* (2007) 146 Cal.App.4th 688, 695 (*Eastman*).)

Here, defendant agreed with the court that he had withdrawn his previous requests at the April 12, 2013, hearing, but defendant made two subsequent requests to have new counsel appointed. At the sentencing hearing, the court relied on Beede's statement that he would address defendant's concerns and did not hold a *Marsden* hearing to permit defendant to articulate his dissatisfaction or to ascertain whether Beede provided ineffective assistance. Rather, the court sentenced defendant despite defendant's unaddressed expressions of dissatisfaction with the adequacy of counsel's representation. Therefore, the trial court erred in failing to hear defendant's postplea *Marsden* requests prior to sentencing.

5

We cannot deem the error harmless. The Attorney General argues *People v. Chavez* (1980) 26 Cal.3d 334 (*Chavez*) and *People v. Washington* (1994) 27 Cal.App.4th 940 (*Washington*) support her contention that there was no prejudice. In *Chavez*, the court found that declining a defendant's request to reappoint previous counsel was harmless error because the defendant never asserted his then-appointed counsel was inadequate. (*Chavez, supra,* at pp. 348-349.) That is not the case here, where defendant did assert that his counsel was inadequate. In *Washington*, the court found harmless error where the defendant did not show he would have obtained a more favorable result if his motion had been entertained "[b]ecause the failure to hold a *Marsden* hearing did not deprive the defendant of any arguments on appeal or otherwise affect the verdict or sentence . . . ." (*People v. Reed* (2010) 183 Cal.App.4th 1137, 1148-1149, citing *Washington*, *supra*, at p. 944.) Here, in contrast, different counsel could have moved to withdraw defendant's plea, which plea defendant may not otherwise challenge now. Therefore, *Washington* is inapposite.

Thus, we employ the standard of review set forth in *Chapman*, i.e., error is reversible unless the record shows beyond a reasonable doubt that the error did not prejudice defendant. (*Marsden*, *supra*, 2 Cal.3d at p. 126, citing *Chapman*, *supra*, 386 U.S. at p. 24 [17 L.Ed.2d at pp. 710-711]; accord *People v. Leonard* (2000) 78 Cal.App.4th 776, 787.) While the record reflects some of defendant's complaints about counsel, namely, his unverified letters indicating that counsel manipulated defendant outside the record into entering his no contest plea, we do not know what defendant would have orally presented to the court had he been given the opportunity. Nor do we know what counsel's responses would have been. We cannot consider the merits or veracity of defendant's claims because they were not presented to the trial court. Accordingly, the proper remedy is to remand for further proceedings. (*Eastman*, *supra*, 146 Cal.App.4th at pp. 697, 699; see also *People v. Hill* (2013) 219 Cal.App.4th 646.)

# DISPOSITION

The judgment is reversed and the matter is remanded for the trial court to conduct a *Marsden* hearing.  If defendant makes the required showing under *Marsden*, the court shall appoint new counsel.  If defendant's *Marsden* motion is denied, the trial court shall reinstate the judgment.

                                                          BLEASE           , Acting P. J.

We concur:

     BUTZ             , J.

     HOCH             , J.