[No. A139455. First Dist., Div. Five. Aug. 4, 2014.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH HOJNOWSKI, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II. and III.A.–C.

**COUNSEL**

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Juliet B. Haley, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**NEEDHAM, J.**—After appellant Joseph Hojnowski was found competent to stand trial, a jury convicted him of three counts of aggravated battery by "gassing" under Penal Code section 4501.1,[1] which is statutorily defined as "intentionally placing or throwing, or causing to be placed or thrown, upon the person of another, any human excrement or other bodily fluids or bodily substances . . . that results in actual contact with the person's skin or membranes." (§ 4501.1, subd. (b).) In a bifurcated proceeding, the jury also found true allegations appellant had suffered a prior conviction under the "Three Strikes" law and had served a prior prison term. (§§ 667, subds. (b)–(i), 1170.12, 667.5, subd. (b).)

In this appeal from the judgment sentencing him to prison for an aggregate term of 11 years, appellant contends (1) the trial court should have declared a doubt as to his mental competency and suspended criminal proceedings before the trial began, even though he had previously been found competent; (2) the court's denial of his motion for self-representation under *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] was an effective declaration of doubt as to his competence to stand trial; (3) the court should have held a hearing on his right to substitute counsel under *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]; and (4) the case should be remanded for resentencing because the court erroneously believed it was required to impose consecutive sentences on all three counts. We affirm.

## I. FACTS

On April 1, 2012, appellant was serving a prison term in Pelican Bay State Prison and was housed in a lockup unit. Correctional Officers Rodgers and Serna escorted him to the showers and placed him in a stall with a steel mesh security screen. After appellant had finished showering, Rodgers handcuffed him while he was still in the shower stall before moving him back to his cell.

Rodgers asked appellant whether he had a cellmate, because security protocols required correctional officers to take certain precautions when another inmate was present. Appellant responded, "Well, go check the board yourself you dumb motherfucker," and spit at Rodgers through the security screen. Some of the spit hit Rodgers's face and made contact with Serna, who was standing close by.

Correctional Officer Rios heard a "scuffle" and walked into the shower area to see Rodgers "kind of pulled back from the shower door." Appellant, who

---

[1] Further statutory references are to the Penal Code.

was still in the shower, cursed at Rios and spit on his face. Correctional Officer Rosas approached appellant to place a "spit hood" on him and appellant spit on Rosas as well.

## II.  PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.  DISCUSSION

A.–C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### D.  *Consecutive Sentences*

Appellant contends the case must be remanded for resentencing because the trial court erroneously believed consecutive terms were required for all three counts of battery by gassing. He argues that while the relevant statutes require the base term of a sentence for multiple in-prison offenses to be served consecutively with any prison term the defendant is currently serving, they do not necessitate consecutive terms for each count. Appellant further argues concurrent terms were authorized because he was sentenced under the Three Strikes law. We disagree.

The elements of battery by gassing are defined in section 4501.1, which provides in part, "(a) . . . Every state prison inmate convicted of a felony under this section shall serve his or her term of imprisonment as prescribed in Section 4501.5." Under section 4501.5, "Every person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony and shall be imprisoned in the state prison for two, three, or four years, to be served consecutively."

■ Section 1170.1, subdivision (c) specifies that a consecutive term for an in-prison offense shall commence at the time the person would otherwise have been released from prison and further provides, "If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a)." ■ Section 1170.1, subdivision (a) limits the sentence on a consecutive subordinate count to one-third the middle term unless otherwise provided.

---

* See footnote, *ante,* page 794.

■ The "Three Strikes" law requires that a defendant's determinate term be doubled when he or she has a single qualifying prior conviction. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)[7] In the case of consecutive determinate terms, "the sentencing court must designate principal and subordinate terms as required by section 1170.1, calculating the subordinate terms as one-third of the middle term (except when full-term consecutive sentences are otherwise permitted or required), and then double each of the resulting terms." (*People v. Nguyen* (1999) 21 Cal.4th 197, 203–204 [87 Cal.Rptr.2d 198, 980 P.2d 905].)

Appellant was convicted of three counts of battery by gassing against three separate victims: Rodgers, Rios and Rosas. At sentencing, the trial court designated the Rodgers count as the principal count and imposed a six-year term, consisting of the three-year middle term doubled to six years under the Three Strikes law. Indicating that consecutive terms were required under section 4501.5, the court imposed consecutive terms of two years each on the remaining two counts, consisting of one year (one-third the middle term) doubled to two years under the Three Strikes law. With an additional year for the prior prison term enhancement under section 667.5, appellant's aggregate sentence was 11 years, to be served consecutively to the prison term he was already serving.

■ The trial court correctly determined it was required to impose consecutive terms on all three counts. As with many other statutes concerning in-prison offenses, section 4501.5 requires the imposition of consecutive sentences. Nothing in that provision distinguishes between single and multiple in-prison offenses or allows concurrent terms for multiple in-prison offenses, although consecutive sentences are subject to the one-third-the-middle-term limitation for subordinate counts established by section 1170.1, subdivisions (a) and (c). (See *People v. Mosley* (2007) 155 Cal.App.4th 313, 328 [65 Cal.Rptr.3d 856] [§ 4502, mandating that terms for possession of certain weapons and devices in a penal institution "be served consecutively," required consecutive sentencing on multiple counts but did not permit imposition of full-strength terms]; *People v. Washington* (1994) 27 Cal.App.4th 940, 945 [33 Cal.Rptr.2d 569] [defendant convicted of two violations of § 4501.5; second count should have been subject to one-third-the-middle-term requirement].)

Appellant suggests a different rule applies to his case because he was sentenced under the Three Strikes law, which supplants the mandatory

---

[7] Though the information refers to both the legislative and initiative versions of the Three Strikes law, codified in sections 667 and 1170.12, appellant focuses primarily on section 667 in his briefs. We will do likewise for the sake of continuity, but our discussion is equally applicable to section 1170.12. (See *People v. Lawrence* (2000) 24 Cal.4th 219, 222, fn. 1 [99 Cal.Rptr.2d 570, 6 P.3d 228] (*Lawrence*).)

consecutive sentencing provisions of section 4501.5. He relies on language contained in section 667, subdivision (c)(6): "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions . . . , the court shall adhere to each of the following: [¶] . . . [¶] (6) If there is a current conviction for more than one felony count *not* committed on the same occasion, and *not* arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to [this section]." (Italics added.)[8] Appellant reasons that because all three counts of battery by gassing were committed on the "same occasion" and arose from the same set of operative facts, concurrent sentences were not precluded by section 667, subdivision (c)(6) and could be imposed notwithstanding section 4501.5.

■ Section 667, subdivision (c)(6) does not give a trial court the discretion to impose concurrent terms when consecutive sentences would otherwise be mandatory. It increases the punishment for certain recidivist offenders by making consecutive sentences mandatory in Three Strikes cases when the defendant was convicted of more than one offense *not* committed on the same occasion or arising out of the same operative facts. Our Supreme Court has construed this language to mean " 'consecutive sentences are not mandatory [under the Three Strikes law] if the multiple current felony convictions are "committed on the same occasion" or "aris[e] from the same set of operative facts." ' " (*People v. Deloza* (1998) 18 Cal.4th 585, 591 [76 Cal.Rptr.2d 255, 957 P.2d 945] (*Deloza*); see *People v. Hendrix* (1997) 16 Cal.4th 508, 512–513 [66 Cal.Rptr.2d 431, 941 P.2d 64] (*Hendrix*).) But in those cases, a concurrent term was not otherwise barred by statute and the only basis for arguing a consecutive term was mandatory was the Three Strikes law itself. (*Deloza, supra*, 18 Cal.4th at p. 589 [multiple robbery counts]; *Hendrix, supra*, 16 Cal.4th at p. 512 [robbery and attempted robbery counts].) Section 667, subdivision (c)(6) does not permit concurrent sentences when a different provision of the Penal Code requires consecutive sentences.

Appellant argues we should disregard section 4501.5 because section 667, subdivision (c)(6) applies "[n]otwithstanding any other law," and the Supreme Court has construed that phrase to mean "[t]he Three Strikes law, when applicable, takes the place of whatever law would otherwise determine defendant's sentence for the current offense." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 524 [53 Cal.Rptr.2d 789, 917 P.2d 628] (*Romero*), discussing § 667, subd. (f)(1) ["Notwithstanding any other law,

---

[8] Offenses are committed on the "same occasion" when there is " 'at least a close temporal and spatial proximity between two events.' " (*Lawrence, supra*, 24 Cal.4th at p. 229.) "Operative facts" refers to "the facts of a case which prove the underlying act upon which a defendant had been found guilty." (*Id.* at p. 231.)

subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has one or more prior serious and/or violent felony convictions . . . ."].) We are not persuaded.

■ Though the court in *Romero* referred to the Three Strikes law as "tak[ing] the place" of other sentencing statutes, it went on to note the "[n]otwithstanding any other law" language simply "eliminates potential conflicts between alternative sentencing schemes." (*Romero, supra,* 13 Cal.4th at p. 524.) Thus, a defendant who has a qualifying prior conviction must be sentenced under the Three Strikes law, and in the case of a conflict, the Three Strikes law will control. (*Romero,* at p. 524; *People v. Acosta* (2002) 29 Cal.4th 105, 132–133 [124 Cal.Rptr.2d 435, 52 P.3d 624] [Three Strikes law applied notwithstanding defendant's eligibility for sentencing under one strike provisions of § 667.61]; *People v. Franklin* (1997) 57 Cal.App.4th 68, 73–74 [66 Cal.Rptr.2d 742] [in case of conflict, Three Strikes law governs].) The mandatory consecutive sentencing provisions of section 4501.5 do not conflict with the Three Strikes law.

■ Moreover, the Three Strikes law expressly incorporates other sentencing statutes as part of its methodology for calculating a sentence under its provisions. Section 667, subdivision (e) provides: "For purposes of subdivisions (b) to (i), inclusive, *and in addition to any other enhancement or punishment provisions which may apply,* the following shall apply where a defendant has one or more prior serious and/or violent felony convictions: [¶] (1) If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (Italics added.) ■ Section 4501.5, which requires consecutive sentences for battery by gassing under section 4501.1, is another "punishment provision[] which may apply" under section 667, subdivision (e).

■ The purpose of the Three Strikes law "is to provide greater punishment for recidivists." (*People v. Davis* (1997) 15 Cal.4th 1096, 1099 [64 Cal.Rptr.2d 879, 938 P.2d 938]; see § 667, subd. (b).) It "uses a defendant's status as a recidivist to *separately* increase the punishment for *each* new felony conviction." (*People v. Williams* (2004) 34 Cal.4th 397, 404 [19 Cal.Rptr.3d 619, 98 P.3d 876].) Were we to construe the Three Strikes law to supersede section 4501.5, a defendant convicted of multiple in-prison offenses who had suffered a qualifying prior conviction would be treated less harshly, with respect to consecutive sentences, than a defendant who had not suffered a qualifying prior conviction. In light of the underlying purpose of the Three Strikes law, we think it unlikely the Legislature intended that sentencing scheme to supplant otherwise applicable provisions rendering consecutive sentences mandatory.

The trial court did not abuse its discretion in failing to consider a concurrent term when a concurrent term was not authorized by law. Our resolution of this issue makes it unnecessary to consider appellant's alternative argument his trial counsel was ineffective in failing to seek the imposition of concurrent terms.

## IV.  DISPOSITION

The judgment is affirmed.

Jones, P. J., and Bruiniers, J., concurred.

A petition for a rehearing was denied August 25, 2014, and appellant's petition for review by the Supreme Court was denied November, 12, 2014, S211182.