Filed 8/7/15  P. v. Prado CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SATURNINO PRADO,<br><br>        Defendant and Appellant. | A141490<br><br>(Solano County Super. Ct.<br>Nos. FCR298555 & FCR297743) |

Saturnino Prado appeals from convictions of two counts of battery on a non-confined person.  He contends the trial court erred in imposing consecutive sentences on the two counts without considering that it had discretion to run the sentences concurrently.  We disagree that the trial court had such discretion and therefore affirm the judgment.

**STATEMENT OF THE CASE**

On December 31, 2013, the Solano County District Attorney filed two informations, each charging appellant with one count of battery by a prisoner on a non-confined person (Pen. Code, § 4501.5).[1]  After a court trial on February 21, 2014, the court sentenced appellant to a total of three years in prison, the low term of two years in case No. FCR298555, plus a consecutive one-third middle term of one year in case No. FCR297743.  The court ordered these terms to run consecutively to appellant's existing prison term.  At the time of the present offenses, appellant was serving the sentence

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

imposed in Los Angeles County case No. BA195408; while serving that sentence, he was convicted of an in-prison offense in Del Norte County case No. CR-PB-02-5184.

On February 27, 2014, appellant filed motions for resentencing, arguing that because appellant had a previous conviction for an in-prison offense, he should have been sentenced to a one-third middle term on each of the new offenses. At a hearing on March 19, 2014, the court vacated the sentence in case No. FCR298555 and imposed the one-third middle term of one year, and confirmed the one-year sentence in case No. FCR297743.

Appellant filed a timely notice of appeal on April 2, 2014.

## STATEMENT OF FACTS

Case No. FCR297743 concerns nurse Gairlie Zamora. On September 21, 2012, while Zamora was in appellant's cell at the California Medical Facility to administer an injectable medication, appellant kicked her twice in the back.

Case No. FCR298555 concerns medical technical assistant Jeannie Anati. On January 4, 2013, Anati was removing appellant's wrist restraints as he held his hands out through the open food port of his cell. After she removed one of the restraints, appellant turned around, grabbed her wrists and pulled her arms in through the food port. Another medical technical assistant had to help free Anati from appellant's grasp, and Anati suffered redness, swelling and welts on her wrist.

## DISCUSSION

Appellant contends that the trial court sentenced him consecutively on the two counts of battery on a non-confined person without recognizing that it had discretion to impose concurrent sentences. Appellant acknowledges that the overall term imposed for the current offenses is statutorily required to run consecutively to the prison term he is already serving, but maintains the court had discretion to run the two current offenses concurrently to each other.

Section 4501.5 provides: "Every person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person

2

confined therein shall be guilty of a felony and shall be imprisoned in the state prison for two, three, or four years, to be served consecutively."

The procedure for sentencing on felonies committed in prison is described in section 1170.1, subdivision (c): "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a). This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings."

Subdivision (a) of section 1170.1 details the general procedure governing consecutive sentencing on multiple felonies, under which the aggregate term consists of the sum of the principal term (the greatest term of punishment imposed for any of the crimes), the subordinate term (one-third of the middle term for each other felony being consecutively sentenced, including one-third of the middle term for any enhancements applicable to the subordinate offenses) and any additional term imposed for specific enhancements.[2]

---

[2] Section 1170.1, subdivision (a), provides:

"Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the

3

Section 1170.1, subdivision (c), calls for "computation of a single term of imprisonment for all convictions of felonies committed in prison and sentenced consecutively, whether multiple convictions occur in the same court proceeding or in different proceedings." (*People v. McCart* (1982) 32 Cal.3d 338, 343.) This new aggregate term is calculated for all consecutively sentenced in-prison offenses, even if committed years apart. (*People v. Venegas* (1994) 25 Cal.App.4th 1731, 1743-1744.) The term consists of the greatest term of imprisonment for any one of the in-prison offenses (the principal term) plus one-third middle terms for each of the additional in-prison offenses (the subordinate terms). (*Id.* at p. 1744; § 1170.1, subd. (a).) The aggregate term for in-prison offenses runs fully consecutive to the prisoner's existing term, commencing "at the end of the longest of the prisoner's previously imposed terms." (*McCart*, at p. 343.)

Here, the trial court appears to have followed the prescribed procedure, viewing the previously imposed sentence for the Del Norte County in-prison offense as the primary term and therefore imposing one-third middle term sentences of one year for each of the new in-prison offenses.

Appellant urges that although the sentence imposed on his new offenses was required to be consecutive to the term he was already serving, the trial court could have ordered the sentences on the two new offenses to run concurrently to each other. His argument is based on the provision in section 1170.1, subdivision (c), that "[i]f the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a)." The "if" in this provision, according to appellant, demonstrates that sentences for new in-prison offenses may be concurrent.

---

term imposed for any specific enhancements applicable to those subordinate offenses. Whenever a court imposes a term of imprisonment in the state prison, whether the term is a principal or subordinate term, the aggregate term shall be served in the state prison, regardless as to whether or not one of the terms specifies imprisonment in a county jail pursuant to subdivision (h) of Section 1170."

Further, appellant argues that section 669[3] provides general authority for ordering concurrent terms and "it is not necessary for statutes to specify that the trial court's authority exists."

*People v. Hojnowski* (2014) 228 Cal.App.4th 794 rejected the contention that concurrent rather than consecutive sentences could be imposed for multiple in-prison offenses under section 4501.5.[4] The court explained, "As with many other statutes concerning in-prison offenses, section 4501.5 requires the imposition of consecutive sentences. Nothing in that provision distinguishes between single and multiple in-prison offenses or allows concurrent terms for multiple in-prison offenses, although consecutive sentences are subject to the one-third-the-middle-term limitation for subordinate counts established by section 1170.1, subdivisions (a) and (c). (See *People v. Mosley* (2007) 155 Cal.App.4th 313, 328 [§ 4502, mandating that terms for possession of certain weapons and devices in a penal institution 'be served consecutively,' required consecutive sentencing on multiple counts but did not permit imposition of full-strength terms]; *People v. Washington* (1994) 27 Cal.App.4th 940, 945, [defendant convicted of two violations of § 4501.5; second count should have been subject to one-third-the-middle-term requirement].)" (*Hojnowski,* at p. 799.)

Appellant's attempt to distinguish *Hojnowski* is not persuasive. As appellant points out, the defendant in *Hojnowski* argued that because he was sentenced under the Three Strikes law, the mandatory consecutive sentencing provisions of section 4501.5 were supplanted by section 667, subdivision (c)(6), which, in his view, permitted

---

[3] Section 669, subdivision (a), provides in pertinent part, "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively."

[4] *Hojnowski* concerned violations of section 4501.1, aggravated battery by "gassing." Section 4501.1 incorporates the penalty provisions of section 4501.5, stating that every state prison inmate who violates section 4501.1 "shall serve his or her term of imprisonment as prescribed in Section 4501.5." (§ 4501.1, subd. (a).)

concurrent sentences for multiple offenses committed on the same occasion.[5] The court disagreed, finding that section 667, subdivision (c)(6) "does not give a trial court the discretion to impose concurrent terms when consecutive sentences would otherwise be mandatory." (*Hojnowski, supra,* 228 Cal.App.4th at p. 800.) Appellant maintains that *Hojnowski* is inapposite because the present case does not involve the Three Strikes law. But *Hojnowski* discussed the impact of the Three Strikes law only after holding that section 4501.5 requires consecutive sentences. After so holding, the court rejected the defendant's argument that "a different rule applies to his case because he was sentenced under the Three Strikes law." (*Hojnowski*, at pp. 799-800.)

The language of section 1170.1, subdivision (c), does appear to allow for the possibility that some felonies committed in prison might not result in consecutive sentences. But appellant was convicted under section 4501.5, and nothing in section 1170.1, subdivision (c), provides a basis for ignoring the express mandate of section 4501.5 that every person who commits the described offense "shall be imprisoned in the state prison for two, three, or four years, *to be served consecutively*." (§ 4501.5, italics added.) Nor does the general authority to determine whether multiple sentences will run concurrently or consecutively override the specific and express requirement of section 4501.5 that violations of that particular statute be sentenced consecutively. It is a basic rule of statutory construction that a specific provision relating to a particular subject will

_____

[5] The relevant portion of section 667, subdivision (c), provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions . . . , the court shall adhere to each of the following: [¶] . . . [¶] (6) If there is a current conviction for more than one felony count *not* committed on the same occasion, and *not* arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to [this section]." (§ 667, subd. (c), italics added.) The defendant in *Hojnowski* reasoned that concurrent sentences were not precluded by section 667, subdivision (c)(6), because his offenses were committed on the "same occasion" and arose from the same set of operative facts, and therefore could be imposed notwithstanding section 4501.5.

govern over a general one. (*People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 808.)

Appellant attempts to draw an analogy to the California Supreme Court's decision in *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530, that the Three Strikes law did not eliminate trial courts' long standing power to strike prior felony conviction allegations pursuant to section 1385. Appellant focuses on the court's explanation that the Legislature's ability to eliminate courts' statutory power to strike sentencing allegations in further of justice "does not mean . . . that any statute defining the punishment for a crime can be read as implicitly eliminating the court's power to impose a lesser punishment by dismissing, or by striking sentencing allegations, under section 1385. This is because the statutory power to dismiss in furtherance of justice has always coexisted with statutes defining punishment and must be reconciled with the latter. (See Stats. 1850, ch. 119, § 629, p. 323.) For this reason, we will not interpret a statute as eliminating courts' power under section 1385 'absent a clear legislative direction to the contrary.' [Citations]." (*Romero*, at p. 518.)

Drawing on the court's language in *Romero,* appellant argues that the statutory power to impose concurrent sentences under section 669 " 'has always coexisted with statutes' requiring consecutive terms and must be reconciled with the latter" and, therefore, the requirement of section 4501.5 that terms for offenses under that statute be served consecutively "cannot be read as 'implicitly eliminating the court's power' " to impose concurrent terms " 'absent a clear legislative direction to the contrary.' " This argument requires no more discussion than to point out that it is difficult to imagine a clearer "legislative direction to the contrary" than the express requirement in the statute defining the punishment for a particular offense that the term imposed is "to be served consecutively."

The sentence imposed by the trial court was correct. As both the prosecutor and defense counsel agreed in the trial court, "the law require[s] consecutive sentencing on a 4501.5." The court had no discretion to order the sentences on appellant's two section 4501.5 offenses to be served concurrently with each other.

## DISPOSITION

The judgment is affirmed.


_____
Kline, P.J.


We concur:


_____
Richman, J.


_____
Miller, J.