Filed 6/27/25  P. v. Wadkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099851 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F05944) |
| v. | |
| JAMES WADKINS, | |
| Defendant and Appellant. | |

While serving an indeterminate sentence for a conviction in San Bernardino County (the San Bernardino case), a jury in Sacramento County convicted defendant James Wadkins of possession of a weapon in a penal institution and battery by a state prisoner upon a non-confined person (the Sacramento case).  Defendant also admitted a prior prison term enhancement under Penal Code,[1] section 667.5, subdivision (b).

In 2023, the trial court in the Sacramento case recalled and resentenced defendant under section 1172.75.  At resentencing, defendant sought a full resentencing in both the San Bernardino and the Sacramento cases.  The trial court concluded it lacked jurisdiction to resentence defendant in the San Bernardino case and only struck a prior

---

[1]     Undesignated statutory references are to the Penal Code.

1

prison term enhancement in the Sacramento case. Accordingly, it reduced defendant's sentence in the Sacramento case from five years to four years.

Defendant appeals from his resentencing under section 1172.75. He claims the trial court erred when it declined to resentence him in the San Bernardino case. He further contends that the trial court erred when it concluded it was required to sentence defendant to consecutive terms in the Sacramento case, and it was not aware of its sentencing discretion. We disagree and will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a San Bernardino County jury convicted defendant of two counts of assault with a deadly weapon and one misdemeanor count of evading a police officer. (*People v. Wadkins* (2005) (May 11, 2005, E035745) [nonpub. opn.].) The jury also found true that defendant had two prior strike convictions. (*Ibid*.; §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The trial court imposed a sentence of 25 years to life in state prison. (*Wadkins,* E035745, [nonpub. opn.].)

In 2014, following an incident in prison where defendant manufactured a weapon and threw liquid at a guard, the People filed an amended information in Sacramento County Superior Court charging defendant with possession of a weapon in a penal institution (§ 4502, subd. (a)) and battery by a state prisoner upon a non-confined person (§ 4501.5). (*People v. Wadkins* (2015) (Dec. 14, 2015, C077408) [nonpub. opn.].) The information also alleged defendant had four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior prison term enhancements (§ 667.5, subd. (b)). Defendant admitted one prior prison term enhancement, and the jury found defendant guilty on both counts. The People dismissed the other prior prison term allegation.

The trial court sentenced defendant to five years, consisting of the midterm of three years on the possession of a weapon count, one-third the midterm for one year on the battery count, and one year for the prison prior. Citing to sections 4502, 4501.5, and *People v. Hojnowski* (2014) 228 Cal.App.4th 794, the trial court imposed the term

2

consecutive to the sentence in the San Bernardino case. The trial court also found the two counts "involved separate acts at separate times."

In 2023, the Department of Corrections and Rehabilitation (CDCR) notified the Sacramento County Superior Court that defendant was eligible for resentencing pursuant to section 1172.75. Although the parties agreed the trial court must dismiss the prior prison term enhancement (§ 667.5, subd. (b)) pursuant to section 1172.75, defendant also claimed he was entitled to a full resentencing in both the Sacramento and the San Bernardino cases. The People argued the trial court in the Sacramento case did not have jurisdiction to resentence defendant in the San Bernardino case under section 1172.75 because that case did not include a prior prison term enhancement.

The trial court found that the Sacramento case involved crimes committed in prison, and the sentence in the Sacramento case ran consecutively to the sentence in the San Bernardino case. Quoting *People v. Langston* (2004) 33 Cal. 4th at pages 1237 and 1242, the trial court found "new crimes committed while in prison are treated as separate offenses and begin a new aggregate term," in-prison crimes are exempt from the general sentencing scheme of section 1170.1, and accordingly it did not have jurisdiction to resentence defendant in the San Bernardino case. The trial court also found the "in-prison crimes [were] distinct and separate in [its] reading of the law, but [it did] believe the one-year enhancement for the prior prison term [was] to be dismissed" under section 1172.75. The trial court struck the prior prison term enhancement in the Sacramento case, resentencing defendant to four years consecutive to the 25 years to life sentence in the San Bernardino case.

Defendant timely appealed.

### DISCUSSION

Defendant claims the trial court erred when it concluded it did not have jurisdiction under section 1172.75 to resentence defendant in the San Bernardino case,

3

arguing his sentences in the San Bernardino and Sacramento cases are aggregate. We disagree.

A. *Jurisdiction under Section 1172.75*

We review the interpretation of a statute de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.' " (*People v. Harrison* (2013) 57 Cal.4th 1211, 1221.) "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People v. Overstreet* (1986) 42 Cal.3d 891, 895; see also *In re N.R.* (2023) 15 Cal.5th 520, 538.)

Section 1172.75, subdivision (b), requires the Secretary of the CDCR to identify persons in custody currently serving a term for a judgment that includes legally invalid prior prison term enhancements (§ 667.5, subd. (b)) and to provide their information to the "sentencing court" that imposed the enhancements. Upon receiving this information, section 1172.75, subdivision (c), requires the sentencing court to verify that the current judgment includes a now legally invalid sentencing enhancement. If the sentencing court verifies the current judgment includes an invalid enhancement, the court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).)

The trial court in the Sacramento case was the "sentencing court" under section 1172.75, subdivision (b), as it imposed a sentence that contained now legally invalid enhancements. Therefore, it had jurisdiction to resentence defendant. The parties do not dispute defendant was eligible for recall and resentencing under section 1172.75 in the Sacramento case. We accept the parties' agreement on this point.

Defendant claims the trial court also had jurisdiction to resentence him in the San Bernardino case, asserting his sentences in both cases were aggregated. Not so.

4

The trial court in the Sacramento case imposed a consecutive sentence, as required by statute. (§§ 1170.1, subd. (c) [requiring the court to impose consecutive terms for persons convicted of one or more felonies while in prison, and for defendants to serve such terms consecutively commencing from the time the person would otherwise have been released from prison]; § 4502, subd. (a) [requiring consecutive terms], § 4501.5 [same].) The consecutive term for the in-prison offenses in the Sacramento case did not become part of the aggregate term imposed for the prior out-of-prison offenses in the San Bernardino case. (*People v. Reed* (1993) 17 Cal.App.4th 302, 305; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 451-452.)

Accordingly, defendant has not established that the trial court had jurisdiction to resentence defendant in the San Bernardino case.

B. *Sentencing in the Sacramento Case*

Defendant also argues that the trial court erred by refusing to consider sentencing defendant to a concurrent term in the Sacramento case. The People assert defendant forfeited this issue because defendant did not object at sentencing. We choose to exercise our discretion to reach the merits of defendant's contention and conclude the trial court properly imposed a consecutive sentence in the Sacramento case. (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party. . . . Indeed, it has the authority to do so"].)

Sections 1170.1, subdivision (c), 4501.5, and 4502 required the trial court to impose a consecutive term for the in-prison offenses committed in the Sacramento case, which it did. (See *People v. Hojnowski, supra*, 228 Cal.App.4th at p. 799 [discussing § 4501.5]; *People v. Mosley* (2007) 155 Cal.App.4th 313, 328 [discussing § 4502].) Defendant concedes as much. Therefore, the trial court did not err in sentencing defendant to a consecutive term for the Sacramento case.

5

Defendant further contends the trial court did not understand its discretion to stay any counts in the Sacramento case pursuant to section 654.  We disagree.

A trial court abuses its discretion when it is unaware of its discretion, considers impermissible factors in the exercise of that discretion, or renders a decision "so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony* (2004) 33 Cal.4th 367, 377-378.)  In reviewing for abuse of discretion, we presume the trial court was aware of and followed the law.  (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; *People v. Thomas* (2011) 52 Cal.4th 336, 361.)

Here, the judge, who presided over sentencing and resentencing, was aware of the question of the application of section 654 and aware of his discretion regarding the necessary determinations.  At sentencing in 2014, the trial court stated that the in-prison offenses "involved separate acts at separate times."  At resentencing in 2023, he stated the "in-prison crimes are distinct and separate in my reading of the law, but I do believe the one-year enhancement for the prior prison term is to be dismissed."  These statements indicate that the trial court understood its discretion under section 654 and impliedly declined to stay any of the counts.  We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

\s\ ,
Krause, J.

We concur:

\s\ ,
Mauro, Acting P. J.

\s\ ,
Duarte, J.