Filed 11/26/25  P. v. Fisher CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C101929 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE014397) |
| v. | |
| JAROD FISHER, | |
| Defendant and Appellant. | |

A jury convicted defendant Jarod Fisher of assault with a deadly weapon by a prisoner and possession of a weapon in a prison.  The trial court sentenced defendant to 25 years to life for the assault and stayed punishment for the possession conviction pursuant to Penal Code section 654.[1]  On appeal, defendant primarily argues that his sentence in this case should be "ordered corrected" to run concurrently to the sentence he

---

[1]  Undesignated statutory references are to the Penal Code.

1

is already serving from a prior case. This contention lacks merit. Defendant also claims that a clerical error in the determinate abstract of judgment warrants correction. We conclude that correcting the abstract is unnecessary, as the trial court erred in staying punishment for the possession conviction without imposing a sentence. We therefore remand for the trial court to impose a sentence for the possession conviction, stay execution of that sentence pursuant to section 654, and prepare an amended abstract of judgment.

## I. BACKGROUND

On February 8, 2023, defendant attacked a fellow prison inmate. Based on this incident, a jury found defendant guilty of assault with a deadly weapon by a prisoner (§ 4501, subd. (a)) and possession of a weapon in a prison (§ 4502, subd. (a)). As to the assault, the jury found true that defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). Defendant admitted two aggravating circumstances and that he had suffered three prior strike convictions.

The trial court sentenced defendant to 25 years to life for the assault conviction (due to the prior strikes), three years for the great bodily injury enhancement, and two five-year terms for prior serious felony enhancements. The court's oral pronouncement did not indicate whether defendant's 25 years-to-life sentence would be consecutive to the sentence defendant was already serving, but the indeterminate abstract of judgment indicates that this sentence was consecutive.

The court stayed punishment for the possession conviction pursuant to section 654 without imposing a sentence. Nonetheless, the determinate abstract of judgment indicates that the trial court imposed the upper term for this conviction.

Defendant timely appealed.

## II. DISCUSSION

Defendant first contends the sentence imposed in this case should be corrected to run concurrently to the sentence he was already serving when the present offenses were

committed. He submits that, because the trial court did not specify whether the current sentence should be concurrent or consecutive, the sentence is concurrent by operation of law. In support, defendant cites to section 669, subdivision (b), which provides that "[u]pon the failure of the court to determine how the terms of imprisonment on [a] second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

We reject defendant's claim because, as the People correctly point out, defendant's sentence in this case must be imposed consecutively under section 4501, subdivision (a). That statute provides that "every person confined in the state prison of this state who commits an assault upon the person of another with a deadly weapon or instrument shall be guilty of a felony and shall be imprisoned in the state prison for two, four, or six years *to be served consecutively*." (§ 4501, subd. (a), italics added.) Therefore, defendant's sentence for assault with a deadly weapon cannot be deemed to run concurrently to the sentence from his prior conviction.

Resisting this conclusion, defendant asserts that section 4501 does not govern here because he was sentenced under the three strikes law (§§ 667, subds. (b)-(i), 1170.12), not section 4501. A similar argument was considered and rejected in *People v. Hojnowski* (2014) 228 Cal.App.4th 794 (*Hojnowski*). There, a jury convicted the defendant of three counts of aggravated battery by gassing under section 4501.1. (*Hojnowski, supra*, at p. 797.) Like section 4501, section 4501.1 is an in-prison offense that requires a consecutive sentence. (See §§ 4501.1, subd. (a), 4501.5.) The trial court sentenced the defendant for these convictions under the three strikes law and indicated that consecutive terms were required. (*Hojnowski, supra*, at p. 799.) On appeal, the defendant argued the trial court erroneously believed it could not impose concurrent sentences. (*Id*. at p. 797.) The appellate court rejected this argument, explaining that the mandatory consecutive sentencing provisions of section 4501.5 still governed, in part

because those provisions do not conflict with the three strikes law.  (*Hojnowski, supra*, at p. 801.)

Defendant acknowledges this precedent but urges us to reject it, claiming that its "reasoning is flawed."  We disagree and conclude, consistent with *Hojnowski*, that application of the three strikes law did not eliminate the requirement of consecutive sentencing under section 4501, subdivision (a).

Defendant contends the People forfeited their argument that his sentence must be imposed consecutively by not raising it in the trial court.  Defendant confuses the issue.  His claim on appeal is that we should "confirm" that his sentence in this case runs concurrently to his prior sentence.  The People argue that we cannot do so, as the sentence in this case must be imposed consecutively.  Thus, the People are not raising their own claim but are merely explaining why defendant's claim must be rejected.

Defendant next argues the determinate abstract of judgment incorrectly indicates that the upper term was imposed for the possession conviction, as no term was orally pronounced for this conviction.  The People respond that this argument is moot, as remand is required for the trial court to impose a term for the possession conviction.

We agree with the People that remand is necessary for the trial court to impose a sentence for the possession conviction.  "When a court determines that a conviction falls within the meaning of . . . section 654, it is necessary to *impose* sentence and to stay the *execution* of the duplicative sentence."  (*People v. Mani* (2022) 74 Cal.App.5th 343, 380.)  "[I]t is improper to impose no sentence or to stay *imposition* of the sentence."  (*Ibid.*)  As such, correction of the erroneous determinate abstract of judgment is unnecessary given that the court will be required to prepare an amended abstract of judgment on remand.

### III.  DISPOSITION

The matter is remanded for the trial court to impose sentence for defendant's conviction of possession of a deadly weapon in a prison and then stay execution of that

sentence pursuant to section 654. The court is directed to prepare an amended abstract of judgment and forward that abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MESIWALA, J.