Filed 8/30/21  P. v. Henry CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMAR HENRY,<br><br>    Defendant and Appellant. | A161641<br><br>(Alameda County<br>Super. Ct. No. 17CR022587) |

Jamar Henry was convicted by a jury of sexual penetration by foreign object and sentenced to an aggregate term of six years in prison.  Henry's appellate counsel has filed a brief that raises no issue for appeal and asks this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

**SUMMARY OF RECORD ON APPEAL**

This is Henry's second appeal.  (See *People v. Henry* (Jan. 16, 2020, A156341) [nonpub. opn.] (*Henry I*).)  *Henry I* contains a detailed account of the facts and early procedural history of this case, which we summarize here before turning to the present appeal.

**I.  Background**

The incident that gave rise to this case occurred on July 26, 2017, outside the Oakland home of 18-year-old Jane Doe.  Doe was in a chair on her

front porch talking on her phone when Henry and three friends walked by on their way to visit Doe's next-door neighbor. Henry, who was intoxicated, singing and talking to himself, went onto the porch and approached Jane Doe, telling her she was cute. Doe told Henry to go away and got up to go inside. Henry pushed her back into the chair and grabbed her crotch. Jane Doe, who was wearing boxer shorts, felt Henry's fingers as they went inside the fly of her shorts and penetrated her through the thin material of her underwear. The contact was brief, and Henry had removed his hand before his friends led him away. An Oakland Housing Authority police officer who noticed the commotion approached the group, but Henry disappeared into the home of Jane Doe's neighbor and tried to escape out the back door. The officer called for back-up and Henry was arrested.

In May 2018, Henry was tried on a felony charge of sexual penetration with a foreign object. (Pen. Code, § 289, subd. (a)(1)(A); statutory references are to this code.) The prosecutor elicited testimony from Jane Doe, Doe's aunt, who was on the porch when the incident occurred, the Housing Authority officer, and the nurse who performed Jane Doe's sexual assault exam. Henry's defense was that the prosecutor overcharged the case. His trial counsel called no witnesses but argued to the jury that the evidence was more consistent with the crime of assault with intent to commit sexual penetration because there was evidence of inappropriate contact but not of actual penetration, and because Henry's intoxication was a defense to the felony but not to the assault offense. The jury rejected this theory, finding Henry guilty of the charged felony.

Prior to sentencing, Henry replaced his appointed counsel with private counsel who filed a motion for new trial. The sole ground for the motion was that Henry was denied the effective assistance of counsel because his trial

2

counsel failed to interview material witnesses who could have supported a potentially meritorious defense that Henry did not actually touch Jane Doe. The witnesses, identified as Evans, Calhoun, and Gilmore, were described in the motion as friends who were with Henry when the incident occurred.

Henry's motion was supported by an unsigned declaration from Evans, who is Henry's cousin. According to this document, Henry touched the shoulder of Jane Doe's aunt before his friends led him away, but he never touched Jane Doe. The document also states that Evans shared this information with Henry's trial counsel at the preliminary hearing, but Evans was not called as a witness. Nor did Henry's trial counsel subsequently contact Evans, Calhoun, or Gilmore.

The trial court denied Henry's motion for a new trial, apparently without issuing a formal order. The court acknowledged there could be some basis for an ineffective assistance claim but denied the motion because it found that ineffective assistance of counsel was not a valid ground upon which to grant a new trial.

In January 2019, Henry was sentenced to an aggregate 13-year prison term. The court imposed a lower term of three years for Henry's current conviction, which it doubled because of a prior strike conviction. The court also imposed a five-year enhancement under section 667, subdivision (a), and two one-year enhancements under section 667.5, subdivision (b).

## II. Henry's Prior Appeal

Henry appealed the judgment, raising four material issues that we reviewed in *Henry I*. First, we found that the trial court mis-instructed the jury regarding the relevance of intoxication evidence, but there was no prejudice because the erroneous instruction pertained to a lesser assault charge, not to the felony that the jury found Henry committed.

3

Second, we rejected Henry's claim that his right to the effective assistance of counsel was violated because his trial counsel did not make a hearsay objection when Jane Doe testified about her conversation with the nurse who performed her sexual assault exam. There were sound tactical reasons not to object and any error was not prejudicial.

Third, we found the trial court erred in denying Henry's new trial motion. Because the court mistakenly assumed it had no discretion to entertain a claim of ineffective assistance of counsel in a new trial motion (see *People v. Reed* (2010) 183 Cal.App.4th 1137, 1143), it failed to conduct an inquiry into Henry's reasons for claiming his counsel was incompetent. (*People v. Stewart* (1985) 171 Cal.App.3d 388, 398 (*Stewart*) disapproved on other ground in *People v. Smith* (1993) 6 Cal.4th 684, 694.) It was not possible to determine on appeal whether the error caused actual prejudice, which is established only upon a showing that the new trial motion is meritorious as a matter of law. (*People v. Braxton* (2004) 34 Cal.4th 798, 817.) Accordingly, the proper remedy was to remand for a belated hearing on Henry's new trial motion. (*Id.* at pp. 818 & 820.)

The final issue in *Henry I* pertained to Henry's sentence. Henry claimed the trial court was unaware of its discretion not to impose a five-year sentence enhancement under section 667, subdivision (a). The People argued the issue was forfeited, but we found that Henry's claim was moot. While his appeal was pending, the Legislature enacted changes to section 667.5, subdivision (b), which required us to strike the one-year enhancements imposed under that statute. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306.) In light of this development, on remand, the trial court would undertake a full resentencing so that it could exercise its sentencing discretion in light of changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

4

## III. The Present Appeal

### A. Post-Remand Proceedings

In July 2020, the trial court held a status hearing regarding the remanded issues. By that time, Henry's private counsel had withdrawn from the case and was replaced with appointed counsel. The court had also granted a defense request for investigation services and the defense had retained Mr. Stannard, a private investigator. The case was continued for a hearing on Henry's new trial motion.

In September 2020, Henry filed a supplemental brief expanding the grounds for his ineffective assistance of counsel claim. Henry argued he was entitled to a new trial not only because his trial counsel failed to present material witnesses, but also because his counsel failed to object to Jane Doe's testimony about her conversation with the nurse and to the jury instruction regarding intoxication evidence.

### B. The Evidentiary Hearing

The hearing on Henry's new trial motion began on November 5, 2020. The defense called three witnesses: Henry's cousin, C. Evans; defense investigator, Walter Stannard; and Henry's fiancé, K. Stallworth.

Evans testified that he was present when Henry was arrested in July 2017 and witnessed the events that "led up to that arrest." Evans also attended the preliminary hearing, where he spoke to a Henry's attorney who told him to wait outside because he could be a witness. However, he was not called to testify at the preliminary hearing or at trial, and he had no further contact with Henry's lawyer.

Evans testified that after Henry was convicted, Walter Stannard asked him to sign a declaration about the incident and he agreed. The declaration states that Henry put his hand on Jane Doe's shoulder but did not touch any

other part of her body.  At the time, Henry was drunk, appeared to be stumbling, and appeared to put his hand on the girl's shoulder to "avoid falling down."  Evans testified that his signed declaration accurately reflects what happened. Evans admitted that he has prior felony convictions for assault with a firearm and identity theft.

Under cross-examination, Evans testified that his sister lived next door to Jane Doe.  On the day of the incident, Evans drove to his sister's house with Henry and two other friends, Calhoun, and Kilgore.  Henry, who was very intoxicated, got out of the car and began talking with some children. Evans went and grabbed Henry, and then he and his friends stood together outside their car and smoked marijuana.  Henry wandered away again and went onto a porch, where Jane Doe was sitting in a chair.  He put his hand on Jane Doe's shoulder and said something to her, but he did not touch her in any other inappropriate way.  Then Evans pulled Henry off the porch, apologized that his friend was drunk, and got mad at Henry for bothering the neighbors.

Evans testified that he saw everything that happened because he was right on Henry's heels, but he also admitted that he was too far away to hear what Henry said to Jane Doe.  Evans testified that when he ushered Henry into his sister's house, he did not realize a police officer was approaching. But he admitted that he was on felony probation at the time and did not want to answer the door when police came looking for Henry.

Evans was asked about statements in his unsigned declaration, which had been filed with Henry's original motion for new trial.  Evans testified that he did not tell anybody that Henry never touched Jane Doe, nor did he ever say that Henry had touched the shoulder of Jane Doe's aunt.  Evans

6

admitted that he would lie for Henry but testified that he was not lying during testimony he gave that day.

Stallworth testified that she and Henry have postponed getting married "because of this situation." Before the preliminary hearing, Stallworth told Henry's trial counsel about the three friends who were with Henry when the incident occurred. After trial, she was dissatisfied with defense counsel's explanation for not calling Henry's friends as witnesses, so she helped Henry find a new lawyer.

Stannard is the private investigator who assisted the defense with Henry's first appeal. As far as Stannard could tell, no investigation of the incident had been done by Henry's trial counsel. Stannard testified that Evans and Calhoun were identified as witnesses in the police report, and he was "guessing" that Kilgore was also mentioned in the report. Under cross-examination, Stannard admitted that he did not review the entire file compiled by Henry's trial counsel before he testified at the evidentiary hearing.

After the witness testimony was completed, the parties were granted leave to file supplemental briefs and the hearing was continued for arguments. The court also invited briefs on resentencing issues. Finally, the court admitted various documents into evidence, including a declaration from Henry's trial counsel that had been submitted in a related habeas proceeding. In that declaration, Henry's trial counsel stated that he did not hire an investigator to interview witnesses. When proceedings reconvened on November 6, the hearing was continued pursuant to a defense request for more time to prepare for argument.

On December 11, 2020, the parties presented arguments. Henry argued his trial counsel failed to call percipient witnesses who could have

provided evidence that Henry did not touch Jane Doe's crotch and details about the level of Henry's intoxication that may have impacted the verdict. The prosecutor countered that Henry failed to carry his burden of proof as to both prongs of his ineffective assistance claim. Calhoun and Kilgore did not testify at the hearing or sign any declaration that had been prepared for them. The prosecutor argued that unsuccessful efforts to compel these witnesses to participate were relevant to show that trial counsel may have had similar difficulties. The record also showed that Henry's trial counsel had talked to Evans and there were tactical reason not to call Evans as a witness.

## C. Trial Court Orders

At the December 2020 hearing, the court denied Henry's new trial motion, addressing separately the three grounds upon which Henry based his claim.

First, Henry's trial counsel was not incompetent for failing to call percipient witnesses. The court based this ruling on evidence that trial counsel did know about these witnesses, and that he talked to Evans at the preliminary hearing, which gave him the opportunity to evaluate Evans's account of the incident and his credibility.

The court articulated multiple reasons competent counsel could decide to forego calling Evans as a witness. Because Henry, Evans and their friends were drinking and smoking marijuana, Evans's testimony would highlight the fact that they all had impaired perceptions. Also, Evans made inconsistent statements about whether Henry touched Jane Doe on the shoulder or did not touch her at all, and his testimony about where he was standing when the incident occurred raised questions about what he was able to observe.

8

Competent counsel could also have concluded Evans would not be an effective witness because of his demeanor, as evidenced by his testimony at the new trial hearing. Evans was "agitated, to say the least," sometimes "hostile," and had to be admonished more than once about his outbursts. He was unequivocal about his willingness to lie for Henry, he was on felony probation when the incident occurred, and he had multiple prior felony convictions.

The court also found that the failure to call Henry's friends as witnesses did not prejudice the defense. The absence of evidence that all of Henry's friends were intoxicated when the incident occurred was not prejudicial. Nor was there any basis for finding that the outcome of the proceeding would have been different if these individuals had testified at trial.

Henry's second claim was that trial counsel was incompetent for failing to object to an instruction that told the jury intoxication was not a defense to the lesser charge of assault with intent to commit sexual penetration. As a preliminary matter, the court found that trial counsel had a tactical reason for wanting this instruction because it supported his trial strategy to urge the jury to convict on the lesser assault charge instead of the more serious felony charge. The court acknowledged, however, that the instruction was erroneous for reasons outlined in *Henry I*. But, because the instructional error was harmless, and did not affect the verdict, the prejudice prong of Henry's ineffective assistance of counsel claim was not proven.

Finally, the court rejected Henry's claim that his trial counsel rendered ineffective assistance by failing to make a hearsay objection to Jane Doe's testimony about her conversation with the nurse who examined her. Again referencing *Henry I*, the court found there were multiple strategic reasons not

9

to object to this testimony. Nor was the defense prejudiced by counsel's decision not to focus attention on "Jane Doe's testimony about [her] fresh injury."

Following the denial of the new trial motion, the court resentenced Henry. After making a record of evidence it considered, the court announced a tentative ruling and gave counsel the opportunity to comment, but neither did.

Henry was resentenced to an aggregate term of six years in prison. The court imposed a lower term of three years for the current felony and doubled the sentence to six years because of the strike prior. Henry was eligible for an additional five-year enhancement under section 667, subdivision (a), but the court exercised its discretion not to impose the additional term in the interests of justice.

Court fines and fees were imposed by the court without any objection from counsel. Notably, the court imposed a $1,000 restitution fine (§ 1202.4) rather than a $6,900 fine that had been proposed by the probation department. Henry was ordered to register as a sex offender and advised of his appellate rights.

## DISCUSSION

The *Wende* brief filed by appellant's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. Henry was notified of his right to file a supplemental brief and to request to have his counsel relieved (*People v. Kelly* (2006) 40 Cal.4th 106, 110), but he did neither. Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

As this is Henry's second appeal, our review does not include issues that could have been raised in Henry's first appeal. (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) As a corollary, we do not review issues that were actually raised and decided in *Henry I*. "In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397; see *People v. Deere* (1991) 53 Cal.3d 705, 713.)

Regarding the denial of Henry's new trial motion, there was only one issue before the trial court on remand: whether the failure to call percipient witnesses constituted ineffective assistance of counsel. The trial court fulfilled its obligation to inquire into the basis for this claim by holding a hearing where Henry presented evidence, witnesses, and argument. (*Stewart*, *supra*, 171 Cal.App.3d at p. 398.) The record supports the court's finding that Henry did not establish that the failure to call witnesses at trial constituted ineffective assistance of counsel. (See *People v. Lucas* (1995) 12 Cal.4th 415, 436.)

In denying the new trial motion, the court also addressed the additional ineffective assistance arguments Henry raised after remand. Any error in these matters was not prejudicial because, as the trial court found, these issues were already decided against Henry in *Henry I*.

We do not find an arguable issue pertaining to Henry's sentence. The court explained its discretionary sentencing choices, struck the one-year enhancements due to legislatives changes to the law (§ 667.5, subd. (b)), and elected not to impose the five-year enhancement authorized by section 667, subdivision (a). Consequently, Henry's original sentence of 13 years was reduced to an aggregate term of six years.

Finally, the record contains an error that requires correction. As noted, when Henry was resentenced the court imposed a $1,000 restitution fine. But the amended abstract of judgment and amended sentence order both state that the court imposed a $6,900 restitution fine (§ 1202.4) and a $6,900 parole restitution fine (§ 1202.45). "When there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) Therefore, the record must be corrected to reflect the restitution fines the court imposed at the resentencing hearing. (*Ibid.*; *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.)

## DISPOSITION

This case is remanded to the trial court with directions to correct the amended abstract of judgment and amended sentence order to reflect imposition of a $1,000 restitution fine (§ 1202.4) and a stayed $1,000 parole revocation restitution fine (§ 1202.45). In all other respects, the judgment is affirmed.

TUCHER, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*People v. Henry* (A161641)

12